WILLIAM HOEFLING V. JOHN T. HAMBLETON ET AL.

No. 7399.

1. **Commissions by Land Agent for Finding Purchaser—Fact Case.**—See facts held sufficient to authorize a finding by the trial judge that plaintiffs were entitled to commissions for finding a purchaser, although the sale was made to such purchaser by the principal.

2. **Admissions—Contents of Paper—Parol Evidence.**—The admissions of a party of the contents of a written instrument may be received in evidence against him without the production of the writing or accounting for its absence. See example.

APPEAL from Bexar. Tried below before Hon. G. H. NOONAN. No statement is necessary.

*Geo. C. Altgelt*, for appellant.

*Tarlton & Kellar*, for appellees, suggested delay.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellees to recover $350 alleged to be due them as their commission upon a sale of real estate belonging to the appellant.

The cause was tried without a jury, and a judgment for $325 was rendered for the plaintiffs.

The defendant employed plaintiffs, who were real estate agents, to find a purchaser for the land, agreeing to pay them 5 per cent upon

the sum for which the land should be sold, for their services. The plaintiffs caused the land to be advertised, and entered into negotiations with and showed the land to the Mullaly brothers, who ultimately purchased it from the defendant himself.

Until after the sale had been agreed upon between the purchasers and the defendant the tract was believed to contain forty-two acres, and was offered as being of that size. Before the sale was completed it was ascertained that it contained only thirty-five acres.

The defendant testified at the trial as follows: "About January, 1889, I saw both Hambleton and Hadley. Hambleton asked me what my land was worth. I told him that I did not know. I made no definite agreement about the price or commission for selling. Hambleton afterward told me that he was asking $200 an acre for the land or about $8000 for the whole. He spoke of several parties that had looked at the land and thought of buying it. This was the first time anything was said about the price. In the beginning of the month of April, 1889, Hadley came to me and offered $7000 for the land, one-third cash, and the balance in one and two years, with interest at 8 per cent per annum. I then thought the tract contained forty-two acres. I told him then that I wanted $7000 net, and would give him until Saturday of that week to sell it for that price. On Saturday, Hadley reported that he could not sell it for that price. He did not name the proposed purchaser. I then offered to let him sell the place for $7000, within a few days, and I would pay him one-half of his commission, but that he must arrange with the purchaser for the other half. He did not consent to my proposition about the manner of paying the commission. He said he would see. About twelve days afterward I sold the land to Mullaly for $7000. When we came to survey the land and found it to contain only thirty-five acres, we agreed upon $6500 as the price, and upon this the final sale was made."

Appellant contends that the judgment is not supported by the pleadings of plaintiffs, because they allege that they procured purchasers for the land at the sum of $200 per acre, while "the evidence shows that they did not procure a purchaser at that price."

The allegation was, that the tract contained thirty-five acres, and that the Mullalys agreed to purchase it "for the sum of $200 per acre, and in the aggregate for the sum of $7000."

It can not be held that the pleading did not warrant the judgment rendered. If objection had been made to the evidence because it did not correspond with the allegations, it should have been overruled. The evidence substantially corresponded with the allegation, and no objection was made to its introduction.

It is contended, that "the court erred in its second conclusion of law, as follows: Having done all they were reasonably required to

do to effect the sale of defendant's land when a bona fide purchaser was procured for the land by such agent at such a price as the owner was willing to sell for, it can not defeat the right of the agent to his commission for the owner to sell to such buyer for a less amount than he had authorized the agent to take.'" We think that the conclusion, based upon the facts stated, is clearly correct.

The allowance in the judgment of 5 per cent on the $6500 for which the land was sold is sufficiently sustained by the evidence.

One of the plaintiffs testified, that the defendant agreed to pay 5 per cent. The defendant's testimony was to the effect that it was not until after the purchaser had been procured that he proposed to pay less than that, and that then his proposal was to pay 2½ per cent, which he designated as one-half of plaintiffs' commissions for effecting the sale.

A bill of exceptions taken by the defendant shows, that "plaintiffs offered to prove by W. S. Hadley and Thomas W. Mullaly, and by the defendant William Hoefling, Sr., on his cross-examination, that the defendant did sell and convey the land in controversy, as alleged in plaintiffs' petition." The defendant objected to the evidence, upon the ground "that parol testimony is incompetent to show the sale of land," plaintiffs having alleged that the sale was made by deed, which had not been produced nor accounted for.

It is not necessary for us to consider this objection further than to say, that the admissions of the defendant made upon his cross-examination were properly received and considered, and that they sufficiently proved the sale of the land, without regard to the testimony of the other witnesses to the same effect.

It is, we think, a proper case for the application of the doctrine that the admissions of a party of the contents of a written instrument may be received in evidence without the production of the writing or accounting for its absence. 2 Whart. on Ev., sec. 1091; Stark. on Ev., 648; 1 Whart. Law of Ev., sec. 480; Loomis v. Wadhams, 8 Gray, 558; Taylor v. Peck, 21 Gratt., 11; McMaster v. Ins. Co., 55 N. Y., 222; Ins. Co. v. Giltinan, 48 N. J. Law, 495; Ins. Co. v. Watson, 1 Post (Mich.), 486.

The judgment is affirmed.

*Affirmed.*

Delivered May 6, 1892.