JAMES B. SWING v. FRED WURST.

May 9, 1899.

Nos. 11,542—(34).

**Mutual Insurance—Assessment of Members by Receiver—Statutory Conditions.**

When the receiver appointed by the court exercises the powers of the board of directors in assessing the members of a mutual insurance company under the order of the court, he must comply with the conditions precedent prescribed by the statute, before the members can be held liable to pay the assessment.

**Ohio Statute—Publication of Assessment List—Conflicting By-law.**

The statute of Ohio (R. S. § 3650) provides that in making the assessment the directors shall "determine the sum to be paid by the several members thereof and publish the same in such manner as they may choose or as the by-laws prescribe," and that the amounts so assessed shall be paid "within thirty days next after the publication of such notice." *Held,* this contemplates a publication of the whole assessment list, and does not authorize the company to provide by its by-law that

publication may be made by notifying a member by mail of the amount of his own assessment.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial.   Affirmed.

*Donohue & Stevens,* for appellant.

*Theo. Bruener,* for respondent.

CANTY, J.

The Union Mutual Fire Insurance Company of Cincinnati, Ohio, was a mutual fire insurance company organized under the laws of Ohio.   On August 1, 1890, defendant made application for membership in the company, and executed to it an assessment note for the sum of $450, which is made payable "by such instalments and at such times as the directors of said company shall assess, pursuant to the charter and by-laws."   Defendant's application was accepted, and a policy of insurance was issued by the company to him, insuring him against loss by fire to his mill, situated in Stearns county, for five years from and after August 1, 1890.   On December 18, 1890, the supreme court of Ohio appointed plaintiff receiver or trustee of the company, to take charge of its assets and wind up its affairs.   He accepted the trust, entered upon the discharge of his duties, and brought this action to recover the unpaid balance upon the assessment note.   On the trial the court ordered a verdict for defendant, and plaintiff appeals from an order denying a new trial.

Plaintiff claims that, as such trustee or receiver, he made, pursuant to the order of the supreme court of Ohio, an assessment on all the assessment notes held by the company against its members; and there is evidence in the record tending to prove that such an assessment was confirmed by that court.   But the point is made that there is no evidence that any such assessment was published 30 days before the commencement of this action.   Certain sections of the Revised Statutes of Ohio were received in evidence.   Among them were sections 3650 and 3651.   Section 3650 provides:

"Every person who effects insurance in a mutual company * * * shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability; and the directors

shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose, or as the by-laws prescribe, and the sum to be paid by each member shall always be in proportion to the original amount of such liability, and shall be paid to the officers of the company within thirty days next after the publication of such notice."

Section 3651 provides:

"If a member neglect or refuse, for the space of thirty days after the publication of such notice, and after demand for payment, to pay the sum assessed upon him in [as his] proportion of any loss as aforesaid, the directors may sue for and recover the whole amount of contingent liability, with cost of suit."

In making the assessment in this case, the plaintiff, under the direction of the court, was exercising the powers granted to the board of directors,—the powers which they would have exercised if the corporation had continued to be a going concern,—and plaintiff was bound to comply with the conditions precedent prescribed by the statute before the defendant can be held liable. Plaintiff claims that a notice of defendant's assessment was mailed to him June 29, 1891, but it is not claimed that any notice of assessment was otherwise published, and there is no evidence in the record of any such publication.

Section 1 of article 12 of the by-laws of the company provides:

"Notice of assessments on deposit notes shall be given personally to the parties liable, or printed or written notice requesting payment shall be mailed to them at their last post-office address known to the officers of the company."

The mailing of the notice to defendant may be sufficient to comply with this by-law, but we cannot hold that it is sufficient to comply with the statute. In other words, the statute did not authorize the corporation to provide by its by-laws that mailing a notice to defendant of the amount of his assessment should constitute a publication of the assessment of "the several members." In our opinion, the statute contemplates the publication in some manner of the whole assessment list, or a list of the several members, with the amounts assessed against each. The legislature had a right to say that merely giving notice to the member of the

amount of his own assessment would not give him sufficient data for his protection, and that the whole assessment list should be published in some manner, in order to give him an opportunity to ascertain whether or not the assessment was fairly and properly made. This leads to the conclusion that the order appealed from should be affirmed, and renders it unnecessary to consider any of the other questions raised.

Order affirmed.