PHILADELPHIA UNDERWRITERS AGENCY OF FIRE ASS'N OF PHILADELPHIA v. BROWN.

(Court of Civil Appeals of Texas. Texarkana. Nov. 21, 1912.)

1. PLEADING (§ 360*)—MOTION TO STRIKE—DETERMINATION—TAKING ALLEGATIONS AS TRUE.

In passing upon a defense upon a motion to strike, the trial court was required to look alone to the facts alleged, and to take them as true in determining its legal sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. § 360.*]

2. ARBITRATION AND AWARD (§ 8*)—SUBMISSION—POWER OF COURT TO REVOKE.

Though Sayles' Ann. Civ. St. 1897, art. 61, in the chapter relating to arbitration in general, provides that nothing therein shall be construed as affecting the right of parties to arbitrate in such way as they may select, an agreement that a majority of the jurors impaneled at the trial should return a verdict, and that the court should render the usual judgment thereon to have the force of a regular verdict and judgment, does not conclude the court, and it has power to set aside the verdict rendered and grant a new trial.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 29; Dec. Dig. § 8.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**3. APPEAL AND ERROR (§ 113\*)—DECISIONS REVIEWABLE—SETTING ASIDE JUDGMENT.**

An order setting aside a judgment entered at the same term under a verdict rendered in pursuance of an agreement of the parties that a verdict might be returned by a majority of the jurors on which judgment might be entered, and granting a new trial, is not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 758–785; Dec. Dig. § 113.\*]

**4. ARBITRATION AND AWARD (§ 8\*)—OUSTING JURISDICTION OF COURT.**

In the absence of clear and specific averments showing that the effect of an agreement of the parties that a majority of the jurors might return a verdict, on which judgment should be entered was to oust the jurisdiction of the court, it will not be assumed that the court and jury abdicated their official position and assumed the rôle of private arbitrators, so as to deprive the court of jurisdiction to set aside the judgment entered, and grant a new trial, and one relying on such a state of facts as a defense must show it beyond reasonable doubt.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 29; Dec. Dig. § 8.\*]

**5. PLEADING (§ 183\*)— SUPPLEMENTARY ANSWER—PURPOSE.**

Supplementary answers are permitted for the purpose of meeting matters appearing for the first time in a supplemental pleading filed by the opposite party, and facts pleaded in defense for the first time should not be incorporated in a supplemental answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 389–396; Dec. Dig. § 183.\*]

**6. EVIDENCE (§ 159\*)—BEST EVIDENCE—CONTRACT OF INSURANCE—OTHER INSURANCE.**

In an action on a policy of fire insurance, where defendant pleaded avoidance of the policy by breach of a provision against other insurance, the execution of other policies was only collaterally involved, and parol evidence offered not to show the contents of such policies, but that other policies had been issued, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471, 474; Dec. Dig. § 159.\*]

**7. EVIDENCE (§ 222\*)—ADMISSIONS BY PARTY INTERESTED.**

In an action on a policy of insurance, defended on the ground of its avoidance by breach of a condition against other insurance, an admission by plaintiff that he had obtained other insurance was competent as original evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 786–800, 803–808; Dec. Dig. § 222.\*]

**8. INSURANCE (§ 653\*)—INCENDIARISM—EVIDENCE—MOTIVE.**

In an action on a policy of fire insurance, where the evidence strongly tended to show that loss was occasioned by incendiarism committed by plaintiff or at his instance, evidence as to the existence of a mortgage on the property was admissible as tending to show a motive.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1678, 1679; Dec. Dig. § 653.\*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by J. B. Brown against the Philadelphia Underwriters Agency of the Fire Association of Philadelphia. From an order sustaining a motion to strike out an answer, defendant appeals. Reversed and remanded.

Carswell & Carswell, of Decatur, and Crane & Crane, of Dallas, for appellant. McMurray & Gettys, of Decatur, for appellee.

HODGES, J. This suit was instituted by the appellee against the appellant in the county court of Wise county upon two policies of insurance, one for $550 and the other for $250. By the terms of these policies the appellant insured the appellee in an amount not exceeding the sums therein stated against loss or damage by fire to a certain two-story shingle-roof store building situated in Boyd, Tex. About the 2d of December, 1909, and during the period covered by the policies, the property was totally destroyed by fire. Upon a refusal of the company to pay the amount of the insurance, the appellee instituted this suit. Appellant answered by a general demurrer and a general denial, and by special answer averred that each of the contracts sued on contained the following stipulation: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." It was further alleged that plaintiff had another contract of insurance on the property in the sum of $400; that defendant was informed and believed that this other policy was issued by the Texas Fire Insurance Company of Ft. Worth; and that this insurance was issued either prior or subsequent to the issuance of the policies sued on, and for that reason the policies here involved were null and void. It was also charged that the fire originated by the act, design, or procurement of the plaintiff for the purpose of collecting the insurance. Appellee filed a supplemental petition wherein he denied generally all of the allegations contained in defendant's answer, and further pleaded a waiver by the insurance company of the provisions in the contract sued on with reference to other insurance, alleging that appellant's local agent knew of the existence of this additional insurance and consented thereto. On April 27, 1911, which appears to have been the term at which this case was tried, the appellant filed a supplemental answer wherein it alleged that on the 26th of January preceding this suit was called for trial the parties appeared and announced ready, the jury was impaneled, the evidence presented, and the argument of counsel heard, and the jury was charged and retired to consider its verdict; that, after the jurors had been deliberating for some time, they returned into open court, and reported that it was impossible to agree upon a verdict; that, the court being on the point of discharging the jury without a verdict, counsel for plaintiff and defendant then and there mutually agreed, the plaintiff being present and assenting thereto, that the jury

retire and a majority bring in a verdict, by which each party would abide, and a judgment should be rendered upon the same which would be conclusive between the parties as to matters involved in that suit; that in pursuance with that agreement the jury retired, and a majority thereof brought into court a verdict for the defendant; that this verdict was received and filed, and a judgment thereon was duly entered on the minutes of the court for the defendant. It is further alleged that the judgment rendered thereon was binding upon the parties to this suit, and that the action of the court in setting aside said verdict and judgment and granting a new trial after the verdict had been returned and received and the judgment rendered and entered upon the minutes of the court, over the objection of defendant and without its consent, was coram non judice and void. The appellee filed a motion to strike this answer out (1) because it was not a proper pleading and did not constitute a supplemental answer, it not being in reply to anything set up by plaintiff in his supplemental pleadings; and (2) because the allegations set forth in this supplemental answer were not true in fact. The motion then proceeds to set out in detail what it is claimed the facts really were. The court sustained the motion without hearing any evidence, and that ruling is assigned as error.

Appellant contends that the facts alleged in its supplemental answer, if true, constituted a common-law arbitration in which an award had been made according to the agreement of the parties; that this, having been done and entered by the court, was binding on the parties, and the court had no power to set it aside; that, by reason of that fact, the award still subsists as a final settlement of this controversy, and is now an effectual bar to a prosecution of this suit. It is not claimed that this answer sets up a statutory arbitration of the subject-matter in controversy. If it describes an arbitration at all, it is one of the parties' own selection, and one which the statute permits but does not prescribe. Revised Civil Statutes, art. 61.

[1-4] In passing upon this defense, the trial court was required to look alone to the facts alleged, and they should have been taken as true in determining the legal sufficiency of the answer. If in construing the averments of this answer the court was justified in concluding that it set forth an agreement between the parties at a former term of the court and at a time when it was apparent that there would be a disagreement among the jurors—that a majority of the jurors might render a verdict in the case and a judgment be entered thereon which should have the binding force of a judgment regular in all respects—he was fully warranted in his action. Conceding it to be true that such a verdict was rendered and a judgment for the defendant entered in accordance therewith, the court at the same term would have the judicial power to set that judgment aside and grant a new trial, and from such a ruling, though it may have been erroneous, there would be no appeal. The only view of the case which could deny the court that power would be one regarding the jurors and the judge as merely actors in a private arbitration, and the judgment as simply a private record of an award made. In the absence of clear and specific averments showing that such was the effect of what was done, it will not be assumed that the court and jury in the midst of a public trial abdicated their official positions and assumed the role of private arbitrators. One relying upon such a state of facts as a defense should urge it with such certainty and clearness as to leave no reasonable ground for a contrary construction. From an examination of the facts alleged in the supplemental answer, we think they might have been construed as alleging an agreement that the finding of a majority of the jurors impaneled upon that occasion should return a verdict, and that the court might render the usual judgment thereon, and that such verdict and judgment should have the effect which usually attaches to verdicts and judgments in all respects regular and in conformity with law.

[5] Another reason sufficient to sustain the action of the court in striking out this supplemental answer is this: Even if the facts pleaded constituted a defense, they should have been incorporated in an amended original answer, and not in a supplemental pleading. They could only operate as a defense to the action as stated in the plaintiff's original petition, and were available, if at all, as a plea in bar to the cause of action there set forth. Supplemental answers are permitted for the purpose of meeting matter appearing for the first time in a supplemental pleading filed by the opposite party. Townes' Texas Plead. pp. 307, 308, 321; rule 8, 142 S. W. xvii. Admitting that a good defense was stated, the irregularity of its introduction justified the court in striking it from that position.

[6, 7] Upon the trial the defendant offered to prove by its witness G. P. Cooke, the agent who issued the policies sued on, that on the night of the fire he was present and heard the plaintiff make the statement that he (plaintiff) had other insurance upon this property besides the two policies sued on, and that this was the first notice that Cooke, the agent, had of such additional insurance. On cross-examination defendant himself was asked if he did not at the time of the fire have additional insurance upon this property. In both instances objections were made and sustained by the court. The grounds upon which the objections were based were that the policies of insurance were themselves the best evidence. The bills of exceptions reserved by the appellant showed that after the fire one of the policies referred to had been delivered to the company from which it

emanated, and the other had been sued on and was in the possession of the district clerk, and within easy reach of the parties at the time this trial was in progress. That provision of the policies specially pleaded which provided for the avoidance of these policies in case any other insurance was held at that time or thereafter procured upon the property made the evidence of such outstanding policies material. We think the court erred in excluding the testimony offered. The existence of other insurance was only collaterally involved, and might have been proven by parol. This was not an effort to show the contents of other written policies, but merely to establish that such policies had been issued and were in existence. An admission by the plaintiff that he had this additional insurance would be original evidence. Dooley v. McEwing, 8 Tex. 307; Hoefling v. Hambleton, 84 Tex. 517, 19 S. W. 689; Oaks v. West, 64 S. W. 1033; 2 Ency. Ev. 305, and cases referred to in notes. The court erred in sustaining the objections.

[8] We think there was also error in refusing to permit the plaintiff to be interrogated on cross-examination as to the existence of a mortgage on the property. There was strong evidence upon the trial that this loss was occasioned by incendiarism, and appellant had charged in its pleadings that this was committed by the plaintiff or at his instance. The existence of any fact or condition tending to show a motive for the burning, if not otherwise objectionable, would be admissible in determining that issue.

For the errors discussed, the judgment is reversed, and the cause remanded.