# JAMES B. SWING v. CLOQUET LUMBER COMPANY.[1]

April 25, 1913.

Nos. 17,953—(42).

**Proof of instrument by admission of party.**

1. The contents of a policy of insurance and of a premium note may be proved against a party by his admissions in writing, without production of the original documents themselves or accounting for their nonproduction.

**Assessment against policy holders.**

2. A decree that an assessment "shall be made" against all policy holders, which determines the unpaid liabilities according to their accrual by quarterly periods, and fixes the percentage of assessment against every policy in force during the respective periods, is an assessment, and not an order for an assessment.

**Notice of assessment.**

3. Defendant was liable to assessment on only one policy. The notice stated separately and correctly the amount for which he was liable on this policy, except that it did not give him credit for payments made. It erroneously stated that he was liable to assessment on other policies, and demanded payment for an aggregate sum which was largely excessive. There was nothing to indicate that defendant was prejudiced or misled, and the notice was not for this reason void.

**Same — time of payment.**

4. A notice which requires payment in a shorter time than the decree provides is not for that reason void, where a copy of the decree accompanies the notice.

**Notice by mail.**

5. The notice of assessment was given by registered mail. This complied

[1] Reported in 141 N. W. 117.

---

Note.—As to the mode of proving mailing of notice of maturity of premiums or assessments, see note in 7 L.R.A.(N.S.) 238. And for the necessity that notice of maturity of premiums or assessments sent through the mail be received, see note in 7 L.R.A.(N.S.) 253.

On the question of the effect of custom to give insured notice of maturity of premium where insured is not otherwise entitled to notice, see note in 20 L.R.A.(N.S.) 1037.

with the provision of the decree requiring "due notice." It also complied with the by-laws of the company. There was no proof of any statute of Ohio bearing on this question. The manner of giving notice was sufficient.

**Payments to be deducted from assessment.**

6. The by-laws of the company provide that no member shall be liable, except to the extent of his deposit note. Defendant's note was $687.50. It had paid $302.50 before the assessment by the court. The court made an assessment of 86.0003 per cent of the face of the note. If no credit is given for payments made, defendant's assessment will far exceed its liability. *Held*, defendant is entitled to credit on the assessment for the amount paid.

Action in the district court for St. Louis county by the trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati to recover $1,106.88, the amount of a certain assessment levied against defendant as a policy holder in said company. Defendant, in its answer, alleged that more than six years had elapsed since plaintiff's cause of action accrued, and if any proper notice of assessment was given defendant, such notice was not given within seven years from the commencement of the action; that defendant's only transactions with the company were under certain policies of insurance and the insurance therein provided was for cash premiums, all of which were duly paid at the time the policies were issued, and by their terms there was no contingent liability and no liability to assessment; that the company never complied with the laws of Minnesota, so as to be entitled to do business within the state, and all the policies mentioned were surrendered and canceled before the losses occurred. The reply denied the new matter set up in the answer. The case was tried before Ensign, J., who made findings and ordered judgment in favor of plaintiff for $591.25. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified, and affirmed as modified.

*William B. Phelps,* for appellant.

*Patterson A. Reece* and *E. J. Kenny,* for respondent.

HALLAM, J.

The Union Mutual Fire Insurance Company was a mutual in-

surance corporation incorporated under the laws of Ohio in June, 1888. It had a short career. In two years it was insolvent, and on December 18, 1890, judgment was entered in the Supreme Court of Ohio that it be ousted and excluded from being a corporation, and plaintiff, James B. Swing, was appointed trustee to wind up its affairs. The trusteeship has had a much longer career. It is now on its twenty-third year.

The by-laws of this corporation provided that any person wishing to become a member of said company should deposit with the secretary an application, together with a premium note of such amount as might be required by the board of directors, and should pay 20 per cent of said note in cash previous to the issuance of a policy; that such deposit note should continue in force during the life of the policy for which it was issued, and should be subject to assessment for losses and expenses. It was further provided that "no member shall be liable for losses or expenses, or for any indebtedness of the company in any amount, except to the extent of the premium notes given by him." It is further alleged, and the court found, that on the first day of July, 1889, defendant applied to said insurance company for insurance on its mill property, and executed and delivered its premium note in the sum of $687.50, and soon thereafter made the first payment of $137.50; that said company on said day issued to defendant its policy of insurance No. 2,652 in the sum of $5,000. The court further found that on November 14, 1889, defendant paid an assessment of $27.50, and on November 3, 1890, an assessment of $137.50.

On June 11, 1901, the Supreme Court of Ohio made a decree "that the following assessments shall be made against all persons who hold policies of insurance in said company." The decree then determined the amount of unpaid liabilities according to their accrual by quarterly periods, and fixed the per cent of assessment against every policy in force during these respective periods. It provided that all persons who, without being sued for them, paid their assessments in accordance with the decree, should have rebated to them one-third thereof, and the trustee was given full power

and was ordered to sue for and collect the full assessments, without rebate, when 30 days had elapsed after due notice thereof.

On March 25, 1902, the trustees sent by registered mail to each policy holder a notice of this assessment, which notice stated in detail the amount such policy holder was obliged to pay on every policy he had in force, and also the amount that every other policy holder was obliged to pay, and contained the words: "You are required by law to pay within 30 days from this date, viz., March 22, 1902."

The amount of this assessment for the period during which defendant's policy was in force was 86.0003 per cent of the face of its premium note. The trial court held that defendant was liable for such percentage, amounting to $591.25, and judgment was entered accordingly. Defendant appeals.

1. Defendant contends that there is no competent proof as to the contents of the premium note given by it or of the policy issued by plaintiff. It is true neither document was offered in evidence. It does appear that a premium note was given and that a policy was issued. It was necessary for plaintiff to further prove, by competent evidence, the amount of the note and the amount and duration of the policy.

Plaintiff offered for this purpose the policy register of the company. This contains entries showing the issuance of policy No. 2,652, the date thereof, the original amount thereof, the amount of the premium note, the amount that it was reduced by fire, and the amount of insurance remaining in force. Plaintiff contends that the policy register is competent evidence of these facts. He invokes the rule applied to stock corporations that, where the name of an individual appears on the stockbook of a corporation as a stockholder, that fact establishes prima facie his relation as a stockholder in an action against him to enforce a stockholder's liability. Holland v. Duluth Iron Mining & Development Co. 65 Minn. 324, 68 N. W. 50, 60 Am. St. 480; Turnbull v. Payson, 95 U. S. 418, 24 L. ed. 437. It is unnecessary to determine whether this rule is to be so extended as to make a policy register of a company such as this evidence in an action of this

sort to establish the relation of policy holder, the amount of the policy, and the existence and amount of the premium note. It does appear in this case, from competent evidence, that the two assessments above mentioned were paid on a policy bearing the number 2,652. It appears that defendant sustained a loss by fire; that there was paid by the insurance company to defendant, by reason thereof and on account of this policy, the sum of $33.26; that defendant receipted therefor, and, in said receipt, recited that this policy No. 2,652 was reduced in the amount of this loss, leaving the sum of $4,966.74 still in force. It further appears that on December 30, 1890, defendant returned to the company this policy with a letter containing the following:

"Herewith returned as requested,

| | | Prem. | Expires |
|---|---|---|---|
| 2652 | General Form $5,000.00 | $137.50 | July 1, 1894 |

"Kindly give us proper credit for return premium and forward note to us at once and oblige."

This testimony constitutes an admission in writing of the essential parts of the policy and of the premium note.

Some controversy has existed in the past as to whether the contents of a written instrument may be proved against a party by his own admissions, and the question has not heretofore been decided in this state. Webster v. Ferguson, 94 Minn. 86, 91, 102 N. W. 213. The weight of authority is to the effect that such proof is competent. Slatterie v. Pooley, 6 M. & W. (Eng.) 664; 2 Wigmore, Evidence, § 1255 et seq. This rule is sound in principle, at least when the admissions are in writing, as they are in this case. We hold that a written admission of the contents of a written document may be established against the party making the admission, without production of the document or accounting for its nonproduction. This evidence is in this case ample and conclusive, without resort to the policy register at all.

2. Defendant further contends that no assessment was ever in fact made by the Ohio Supreme Court; that the decree above mentioned was only an order for an assessment to be made by the trustee,

121 M.—15.

which assessment the trustee never made.    We do not concur in this contention.

The material language of the decree is above stated.    This language manifests a clear intent that the decree itself shall constitute the assessment, and it contains all the necessary elements thereof. It is true the decree did not compute the amount to be paid by each policy holder.    But it fixed the per cent which each must pay.    The amount of the assessment could be ascertained in any case by mere mathematical calculation.    This is the view that this court has heretofore taken of this same decree.    It was before the court in Swing v. Barnard-Cope Mnfg. Co. 115 Minn. 47, 131 N. W. 855.    In that case the court said: "In effect that decree levied assessments, on the policy holders to pay the debts of the company.    *    *    *    The decree made the liability of the policy holders absolute.    It gave a cause of action to the receiver against each policy holder for the amount of his assessment."

Defendant contends that the notice of assessment was invalid.

3. The notice stated that defendant's assessment amounted to $1,106.88.    This was far in excess of the amount for which defendant was liable.    This fact did not render the notice void.    The notice incorporated the decree in full, and it indicated the precise amount assessed on account of the policy and premium note on which defendant was held liable by the trial court.    The total amount claimed was excessive, partly because policies were included that were not subject to assessment, and partly because of the failure to give the credit hereinafter mentioned.    Defendant could not have been misled or prejudiced by the claim of an excessive amount, and the notice was not invalidated thereby.

4. It is urged that the notice was incorrect in stating the time within which the assessment should be paid.    The decree required payment of the assessment within 30 days after due notice thereof, and gave the option to discharge the assessment within such 30 days by paying two thirds of the amount.    The notice read: "You are required by law to pay within 30 days from this date, viz., March 22, 1902."    This notice was not mailed until March 25.    But the

notice gave, verbatim, the contents of the decree. We are of the opinion that the defendant could not have been misled or prejudiced by the defect in the notice mentioned. The case is entirely different from those cases where the giving of a notice is made the basis of a forfeiture.

5. It is contended that the notice of this assessment was not properly served. As above stated, the notice was sent by registered mail to all persons assessed. Defendant received its notice. The decree merely provides for "due notice thereof." The notice given was "due notice." Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454. The by-laws of the corporation provide that "notice of assessments. * * * shall be given personally to the parties liable, or printed or written notice requesting payment shall be mailed to them at their last postoffice address known to the officers of the company." The notice in this case complied with the by-laws.

It is contended, however, that notice by mail was not a compliance with the statutes of Ohio. Sections 3650 and 3651 of the Revised Statutes of Ohio, as amended by Act April 14, 1888 (85 Ohio Laws, p. 273), are in evidence. Section 3650, as so amended, provides in respect to assessments:

"The directors shall, as often as they deem necessary, settle and determine the sum to be paid by the several members thereof, and publish the same in such manner as they may choose, or as the by-laws prescribe." * * *

Section 3651, as so amended, provides that: "If any member neglect or refuse for the space of thirty days after the publication of such notice, and after demand for payment, to pay the sum assessed upon him, * * * the directors may sue for and recover the whole amount of contingent liability."

It was held in Swing v. Wurst, 76 Minn. 198, 79 N. W. 94, that these sections applied to an assessment made by a receiver, and that they contemplated a "publication" in some manner of the notice of assessment. It is contended that the mailing of the notice was not a "publication." It is unnecessary to determine whether it was or not, for it appears from the evidence in this case that the amended sections 3650 and 3651 have no application to this proceeding. Section 2 of

the act of April 14, 1888, by which these sections were amended, is decisive of this. This section was not in evidence in Swing v. Wurst, supra. This section provides that:

"This act shall not affect companies now doing business on the premium note plan, unless they elect to dispense with said notes and embody the contingent liability in the policy as herein provided; and said original sections * * * 3650 and 3651 * * * are hereby repealed: Provided, that said sections shall remain in force as to all mutual companies now doing business, which do not elect to reorganize under said sections as amended by this act."

This company did not so reorganize. Swing v. Humbird, 94 Minn. 1, 4, 101 N. W. 938; Swing v. Red River Lumber Co., 105 Minn. 336, 117 N. W. 442. The original and not the amended sections accordingly apply to this company and to this proceeding. But the original sections are not in evidence. We can assume nothing as to their contents. There is, accordingly, no statute of Ohio in evidence which in any way prescribes the manner of giving the notice that was given in this proceeding.

6. The amount of the premium note involved in this case was $687.50. Defendant had paid $302.50 prior to this assessment. The trial court found that under the decree of assessment plaintiff should recover 86.0003 per cent of the face of its premium note, or the sum of $591.25, without deduction for the amounts already paid. Defendant contends that it should receive credit for the amounts previously paid on this premium note. Defendant's contention is correct. If the judgment of the trial court stands, plaintiff will be obliged to pay, including what he has paid, the sum of $893.75. But the by-laws of the company provide that: "No member shall be liable for losses or expenses, or for any indebtedness of the company, in any amount, except to the extent of the premium notes given by him." The decree does not in terms give credit for payments previously made to the company on premium notes, but it is not to be presumed that the Supreme Court of Ohio intended to make an assessment against this defendant for more than $200 in excess of the amount for which he was liable under the by-laws of the company. We accordingly hold that defendant is entitled to credit against the amount

found by the trial court, in the amount of payment previously made, and that its liability is $288.75 and interest, and no more.

Judgment of the trial court will be modified to that extent. As so modified, the judgment appealed from is affirmed.