### BARROW v. BEMENT.  (No. 6402.)

(Court of Civil Appeals of Texas. Austin. Feb. 15, 1922. Rehearing Denied March 22, 1922.)

**1. Continuance ⚛⇒37 — Motion for continuance to procure testimony must allege due diligence.**

A motion for a continuance to procure testimony which fails to allege due diligence as required by the statute is fatally defective.

**2. Continuance ⚛⇒22—To procure testimony is addressed to sound discretion of court.**

A motion for a continuance to procure testimony is addressed to the sound discretion of the court.

**3. Continuance ⚛⇒37—Motion to get personal service on codefendant held insufficient.**

Where a motion for a continuance to get personal service on a codefendant as a basis for recovery over against him failed to show sufficient diligence, and did not disclose with certainty that movant would be able to get such service, the court did not abuse its discretion in refusing the continuance.

**4. Continuance ⚛⇒11—Refusal to get personal service on codefendant held not erroneous.**

In an action against a lessee of oil lands and a contractor for the value of services performed in drilling a well, the court did not err in refusing lessee a continuance for the purpose of getting personal service on the contractor, who failed to appear, in order to recover judgment over against him; he not being a necessary party in personam.

**5. Appeal and error ⚛⇒733—Assignment of error to judgment held too general.**

An assignment of error in rendering judgment against defendant for plaintiff's debt and for foreclosure of his lien, without any proposition thereunder pointing out the specific error complained of, held too general to be considered.

**6. Continuance ⚛⇒26(2)—Evidence ⚛⇒179(1)· Secondary evidence to prove contents of original instrument beyond jurisdiction held inadmissible; continuance not granted to get proof of contract in nonresident's possession.**

A nonresident defendant, having possession of a duplicate contract, who entered his appearance and was represented by attorneys, though not personally present at the trial, could not rely on secondary evidence under the rule applying, where the original instrument is beyond the jurisdiction, nor did a mistake made by his agent as to when the case would come to trial authorize the relaxation of such rule, or entitle him to a postponement until the contract could be procured.

**7. Evidence ⚛⇒155(1)—Secondary evidence of original instrument held inadmissible, where opposite side testified merely as to agent's statement as to contents.**

In an action for the value of services in drilling a well on oil lands leased by defendant, where plaintiff's attorney testified without ob-jection as to what defendant's agent voluntarily told him was the contract between defendant and his drilling contractor, defendant was not entitled to prove the contents thereof by such agent on the theory that plaintiff had offered secondary evidence as to the contents thereof; such statement being an admission by defendant, testimony as to which was primary evidence.

**8. Appeal and error ⚛⇒1056(1)—Rejection of testimony to prove contents of contract of which plaintiff had no notice held harmless.**

In an action against a lessee of oil lands for the value of services performed in drilling a well thereon, where there was no evidence that plaintiff had notice of any limitation of defendant's liability under his contract with plaintiff's employer for drilling the well, or waived his lien, or of any facts putting an ordinarily prudent person on inquiry, the rejection of testimony that the contract provided that no lien should be created on the land or machinery was harmless; plaintiff not being bound thereby.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Action by R. G. Bement against W. S. Barrow and others. Judgment for plaintiff against defendant Barrow and another, and defendant Barrow appeals. Affirmed.

Walters & Baker, of San Saba, for appellant.

N. C. Walker, of San Saba, for appellee.

BRADY, J. Appellee sued appellant, W. S. Barrow, a resident of the state of Oklahoma, in the district court of San Saba county, Tex., and joined as defendants W. E. Barrow, of that county, and A. G. Huber, whose residence was alleged to be unknown. The action was to recover the value of services performed by appellee as a well driller, in drilling a well upon certain lands in San Saba county, owned by one J. A. Sloan, but held under an oil and gas lease by appellant, and to fix and foreclose a mechanic's lien, under our statutes, upon the well-drilling rig, machinery, tools, etc., belonging to appellant and located on said lease, and also upon the oil and gas lease of appellant; the well having been drilled under contract by Huber.

Appellant and defendant Huber were cited by publication; Huber failing to answer. In addition to general and special exceptions and general denial, appellant specially pleaded that neither defendant Huber nor W. E. Barrow had any authority to make any contract, the result of which would be to make him liable for a laborer's services or to create a laborer's lien on his property, and prayed that the alleged lien be canceled, and that appellee take nothing as against him. W. E. Barrow disclaimed, and Huber, represented by an attorney appointed by the court, answered by general demurrer and general denial.

---

⚛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was tried without a jury, and the court entered judgment for appellee against appellant and the defendant Huber, jointly and severally, for $500, with interest, and for foreclosure of his lien. W. E. Barrow was discharged, upon his answer of disclaimer, and appellant was given judgment over against Huber for the sum recovered against him. The trial court overruled appellant's motion for a continuance, which was sought for the dual purpose of enabling appellant to get legal service upon Huber as a basis for recovery over against him, and of procuring Huber's testimony.

[1, 2] We will only consider the question whether the court erred in overruling the motion, in so far as it sought a continuance to enable appellant to get personal service upon defendant Huber, as the assignment complains of the action of the trial court in this respect only. However, as the propositions under the assignment urge error in refusing a continuance to procure the testimony of Huber, it is proper to say that the motion seems to be fatally defective as a statutory motion, for the failure to allege that appellant has used "due diligence," which is a positive statutory requirement. Crawford v. Saunders (Tex. Civ. App.) 29 S. W. 102; Patton v. Williams (Tex. Civ. App.) 79 S. W. 357, and cases cited. Moreover, the motion was addressed to the sound discretion of the court, and a careful consideration of the allegations therein has convinced us that the discretion was not abused.

[3] We are also of the opinion that there was no abuse of discretion in overruling the motion as to the other ground. If it should be conceded that the judgment over in favor of appellant against his codefendant Huber was a nullity, because there was no personal service upon him, still appellant did not allege such facts with relation thereto as would entitle him as a matter of right to a continuance, nor such as to require the trial court, in the exercise of a sound discretion, to continue the cause. Not only does the motion fail to show sufficient diligence, but also it is not disclosed with any certainty that if the cause were continued appellant would be able to get personal service on defendant Huber. The entire matter was wrapt in too much uncertainty to make it an abuse of discretion to refuse the continuance.

[4] We further hold that appellant was not entitled to delay appellee's suit for the purpose of getting personal service on the defendant Huber, in order that he might recover a judgment over against him. Huber was not a necessary party in personam. No injustice could be done appellant by refusing the continuance.

[5] We sustain appellee's objection to the fourth assignment of error as being entirely too general. This assignment merely complains that the court erred in rendering judgment against appellant for plaintiff's debt, and for foreclosure of his lien. There is no proposition thereunder pointing out the specific error complained of, and under the holdings of this court and of the Supreme Court the assignment cannot be considered. In this connection, it is proper to observe that we have had to indulge considerable liberality towards appellant in considering any of his assignments, because they are not true copies of the assignments in the motion for new trial. They all seem to have been reconstructed to some extent, but we have decided to consider them.

[6] The second and third assignments relate to the action of the trial court in refusing to permit appellant to prove by W. E. Barrow the contents of the contract, made by the latter for appellant with defendant Huber, for the drilling of the well, and in refusing to postpone the case until the contract could be procured. The witness, W. E. Barrow, had testified that there were but two copies of the contract; Huber having one and the other having been mailed by the witness to appellant in Oklahoma. It appeared from his testimony that Huber was in Mexico, and that appellant lived in Oklahoma. Appellant invokes the rule that where the original instrument is beyond the jurisdiction of the court, secondary evidence is admissible to prove its contents, and relies upon the further proposition that, a part of the contract having been introduced by appellee, he was entitled to introduce the remainder.

Appellant, although residing in Oklahoma, entered his personal appearance in the cause, and was represented by attorneys, although not personally present at the trial. Having admittedly had possession of a duplicate of the contract, he could not, in our opinion, rely upon secondary evidence of its contents under the rule applying where the instrument is beyond the jurisdiction. If he did not expect to attend, or was prevented from attending the trial as appeared, he should have sent the contract to his attorneys, or his agent, W. E. Barrow. The mistake made with relation to when the case would come to trial was made by his agent, and neither authorized the relaxation of the rule against secondary evidence, nor did it equitably entitle him to have the case postponed. The original was in his possession, and it was his business to see that it was accessible to his counsel, if it was necessary or important to introduce it.

[7] As to the claim that the court should have admitted this testimony because the other side had offered secondary evidence as to the contents of the contract, it must be remembered that the testimony of the attorney for appellee was not objected to, and, further, he did not attempt to testify as to the contents of the contract, but only as to a conversation with W. E. Barrow, and as to what the latter told him was the contract

between appellant and Huber. W. E. Barrow was the agent and attorney in fact of appellant, and the statement testified to by Mr. Walker, the attorney for appellee, appears to have been a voluntary one. The statement made thus appears to have taken on the form of an admission by appellant, and the evidence of it appears to have been primary evidence under the rule of admissions. Hoefling v. Hambleton, 84 Tex. 517, 19 S. W. 689; Philadelphia Underwriters Agency v. Brown (Tex. Civ. App.) 151 S. W. 899; Dooley v. McEwing, 8 Tex. 306; Swing v. Cloquet Lbr. Co., 121 Minn. 221, 141 N. W. 117, L. R. A. 1918C, 660, and notes; Purinton v. Purinton, 101 Me. 250, 63 Atl. 925, 115 Am. St. Rep. 309, 8 Ann. Cas. 205.

[8] We are further of the opinion that there was no reversible error in this particular because there was no evidence to raise the issue that appellee had any notice of any limitation of appellant's liability under the contract, nor any evidence of waiver by appellee of his lien, nor of any facts to put an ordinarily prudent person on inquiry. The power of attorney under which W. E. Barrow was acting for appellant gave full authority to make and execute any contract which he might deem proper to the development of the oil and gas lease, and in the absence of any notice to appellee that the contract with Huber provided that no lien should be created upon the land or the machinery, he would not be bound thereby. Therefore, in any event, the rejection of the testimony offered to prove the contents of the contract was harmless. In view of the evidence in the record, its admission could not have changed the result.

No reversible error has been shown, and the judgment will be affirmed.

Affirmed.