OSCAR E. BLACKINGTON *vs.* CITY OF ROCKLAND.

Knox, 1876.—March 5, 1877.

*Town. Evidence.*

The notice required by the act of 1874, to be given to a town by a person receiving an injury by reason of a defect in a highway, may be "by letter, or otherwise, setting forth his claim for damages, and specifying the nature of his injuries."

In such case, a notice is sufficient, which describes the fact substantially, and in general terms, so that thereby a town may have statements and intimations that would be likely to lead them, acting reasonably, into such inquiry and investigation as would result in their acquiring a full knowledge of the facts of the case; and a demand for damages for an injury to plaintiff's horse is a sufficient statement of "the nature of the (plaintiff's) injuries."

A notice of the injury served upon the mayor of a city, is notice to the city.

The municipal records showing that a written notice had been received, are admissible in evidence against the city, although the notice itself is not produced, or its absence accounted for; such written admissions of a party to the suit being regarded as original, and not secondary evidence.

ON MOTION AND EXCEPTIONS.

CASE, for injury to horse on defendants' highway, May 17, 1875. The verdict was for the plaintiff for $700, which the defendants moved to set aside as against law and evidence; and alleged exceptions, because, among other things, the presiding justice refused to instruct the jury that there had been no such evidence introduced by the plaintiff, of notice to the defendants as was required by the laws of 1874, c. 215, § 1.

The evidence on this point was that the plaintiff gave to the mayor, notice of the injury, on the day of its occurrence. The mayor testified that he stated he should hold somebody responsible for it. There was evidence tending to show that the plaintiff presented to the defendants a written bill of $1000 against them for the damage; the city clerk testified that he was unable to find the original bill; and the record was put in as follows :

City of Rockland.          In city council, June 1, 1875.

The bill of O. E. Blackington, for damage of $1000 to horse, from defect in streets, was presented and referred to committee on new streets, &c., in concurrence.

A true copy of record.

Attest:                                    Chas. A. Davis, city clerk.

In city council, July 6, 1875.

The report of committee on new streets, &c., to whom was referred the bill of O. E. Blackington for $1000 damage to horse, was read and accepted in concurrence.

A true copy of record.

Attest :                    Charles A. Davis, city clerk.

*A. P. Gould & J. E. Moore*, for the defendants.

*D. N. Mortland & G. M. Hicks*, for the plaintiff.

PETERS, J.   The controlling question in this case, both upon the motion and the exceptions, is whether a proper notice was given to the defendants, of the injury alleged to have been received, within sixty days thereafter, as required by the statutes of 1874.

By that act, the notice by the plaintiff may be "by letter or otherwise, setting forth his claim for damages and specifying the nature of his injuries."

To prove the notice required, the plaintiff relied upon the following evidence.   The accident occurred on the 17th of May, 1875. The corporate records of the defendants were introduced, showing that within sixty days therefrom "the bill of O. E. Blackington (plaintiff) for damages of $1000 to horse, from defect in streets, was presented and referred to committee on new streets, &c.," by the two boards of their city council in concurrence ; and that such committee subsequently reported thereon, and that the report was also acted upon in concurrence by the two boards.   The mayor of the city testified that, upon verbal notification of the accident from the plaintiff, he went with another person to "the place ;" and that the person with him "put a barrel in it ;" and it appears that afterwards, and before the report of the committee before named, there was an examination of the place by the mayor in behalf of the city, in the presence of the plaintiff and other persons.   The mayor at once caused a survey of the place to be made, and an investigation was had, and the city solicitor co-operated with him in so doing.   This was all within the sixty days.   It was not shown what the terms of the notice to the mayor were, but they were such as induced him to act upon it.

Notices, in this class of cases, are not to be very strictly con-

strued. They will often be given directly by the persons concerned, and without the aid and intervention of counsel; and the statute should not be so narrowly interpreted that they cannot ordinarily be given by such persons with safety to themselves, and at the same time be sufficient to protect the interests of the town. In many cases, too, the persons injured will not be able, at so early a date as required by the statute, to define the precise nature or estimate accurately the probable extent of the injury received.

The main object of a notice is, that the town may have an early opportunity of investigating the cause of an injury and the condition of the person injured, before changes may occur essentially affecting such proof of the facts as may be desirable for the town to possess; and a minor purpose of a notice would be, perhaps, that the town should have a favorable chance to settle a claim before being sued for it, should they see fit to do so. In this view, we think a notice is sufficient, which describes the facts substantially and in general terms, so that thereby a town may have statements and intimations that would be likely to lead them, acting reasonably, into such inquiry and investigation as would result in their acquiring a full knowledge of the facts of the case.

By such a test, we are satisfied that as to a notice of the injury to the horse, and the court excluded from the case the question of injury to the person, there was evidence enough. The defendants contend that the kind of injury to the horse should have been stated. Anything more than a general statement would oftentimes be difficult if not impossible. Men differ very much in opinion about the diseases and ailments of horses. The demand for damages is for an injury to the plaintiff's horse. That is a statement of the "nature of his (plaintiff's) injuries," for all practical purposes precise enough. The defendants, evidently, were not at all prejudiced at the trial for the want of a more definite notice.

But the learned counsel urges other points of objection. It is claimed that a notification to the mayor was not a notice to the city. The objection cannot stand. We think the mayor was the very person upon whom notice could be best served. He is the chief executive official of the municipality, entrusted with a general care over all its interests and with the faithful execution of its laws. *Nichols* v. *City of Boston*, 98 Mass. 39.

And another objection is, that the records of the city were not competent evidence, to show that a bill of damages was presented, without the production of the bill itself. The order passed contains a clear and express admission by the defendants that the plaintiff claimed $1000 for injury to his horse by a defective street, and that he had presented a bill to the city therefor. It has been decided that oral admissions of a party are admissible evidence of facts, though the facts are established by some writing. The records here would in effect be equivalent to the oral admission of an individual party, or more than that.

In *Slatterie* v. *Pooley*, 6 Mec. & W. 664, it is held that a parol admission by a party to a suit is receivable in evidence against him, although it relate to the contents of a deed or other written instrument; and even though its contents be directly in issue in the cause. The decision is grounded upon the idea that an admission of the kind is of the nature of original and not secondary evidence. Parke, B. says:—"The reason why such parol statements are admissible, without notice to produce, or accounting for the absence of the written instrument, is, that they are not open to the same objection which belongs to parol evidence from other sources, where the written evidence might have been produced; for such evidence is excluded from the presumption of its untruth, arising from the very nature of the case, when better evidence is withheld; whereas what a party himself admits to be true, may reasonably be presumed to be so. The weight and value of such testimony is quite another question. That will vary according to circumstances." The Baron adds: "And any one experienced in the conduct of causes at *nisi prius* must know how constant the practice is. Indeed, if such evidence were inadmissible, the difficulties thrown in the way of almost every trial would be nearly insuperable." There are many reported English decisions to the same effect. Among them, see *Earle* v. *Picken*, 5 C. & P. 542. *Newhall* v. *Holt*, Mec. & W. 662. *Pritchard* v. *Bagshawe*, 11 C. B. 459. In the other country the Irish courts, and in this country the New York courts, take a different view of the proposition. *Welland Canal* v. *Hathaway*, 8 Wend. 480. And see cases in note to § 97, vol. 1. Green. Ev., edition by May. But the doctrine of the English cases is

fully adopted and approved in several cases in Massachusetts. *Smith* v. *Palmer*, 6 Cush. 513, 520. *Loomis* v. *Wadhams*, 8 Gray, 557.

The rule is generally approved by writers on evidence. It applies to admissions ordinarily that are voluntarily made, and is not extended so far as to allow admissions of the kind to be elicited from a party upon the stand as a witness in his own behalf, where objection is made thereto. *Kelly* v. *Cunningham*, 1 Allen, 473. *Sheldon* v. *Frink*, 12 Pick. 568, 569. Among the illustrations in the cases of instances where oral admissions of a party are receivable to prove facts that are established by some writing or record, are, that an estate had been conveyed; that a case had been entered neither party; that a certain person filled the character of assignee; that judgment was entered up in an action, in connection with an execution produced; that there were incumbrances upon land; and the like. In our own state, the case of *Phinney* v. *Holt*, 50 Maine, 570, allows a witness upon the stand to testify about the contents of papers and conveyances, where the evidence is merely of a collateral character; and every practitioner knows how convenient and valuable the privilege is to the one side, and how harmless to the other.

Perhaps the doctrine of the above cases should be cautiously received in applying it to particular facts. Our adoption of it in this case amounts only to this: that the written admissions of a party to a suit are receivable in evidence against him, to prove facts directly in issue, although such facts are established by a writing not produced, and its absence not accounted for. To that extent, at least, we have no hesitation in adopting such a policy.

We are not convinced that the verdict was wrong, upon the evidence.          *Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.