## J. C. Conrad et al. v. George Herring et al.

### Decided October 20, 1904.

**Heir—Natural Child—Adoption.**

Evidence considered and held sufficient to support a finding of the trial court that an illegitimate child was never adopted by her father as his heir, it not appearing that she was adopted under the old Spanish law, and the common law not authorizing the adoption of heirs, and it not being shown that the child was ever adopted in pursuance of a special act of the Legislature authorizing such adoption or under the general statute of adoption passed subsequently.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*Peareson & Peareson,* for appellants.

*J. C. Mitchell, T. E. Mitchell,* and *Spencer C. Russell,* for appellees.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by the appellants against the appellees to recover a tract of 177 acres of land, a part of the A. Kuykendall league in Fort Bend County.

The defendants answered by plea of not guilty and special pleas of limitation of five and ten years.

The land in controversy was owned by James Knight at the time of his death. Appellants claim by inheritance through Lucinda Knight, the natural daughter of said James Knight. It is agreed that as to the one-sixth interest in the land claimed by appellant J. C. Conrad, the appellees have title by limitation. The title of appellants to the remainder of the land depends upon whether James Knight ever adopted Lucinda Knight as his legal heir. This issue was submitted to a jury, and the trial resulted in a verdict and judgment in favor of defendants. The evidence shows that in 1843 or 1844 Lucinda was placed by James Knight with relatives of his in Fort Bend County and sent to school. She was known as Lucinda Knight. James Knight supported her and paid her tuition. In 1845 he sent her to a convent in Galveston. After she left the convent he brought her back to Fort Bend County and boarded her with friends of his there until she married. After her marriage, Knight lived with her until his death. She always called him father, and he treated her as his daughter and held her out to the public as such, and she was so regarded by every one. He was never married to Lucinda's mother.

There is on record in Fort Bend County a written contract executed by and between one Huff and James Knight in 1849, which contract refers to Lucinda Knight as the daughter of James Knight, and she is made a beneficiary therein. On March 7, 1850, James Knight conveyed to said Lucinda, who was then Lucinda Nibbs, a tract of land in

Fort Bend County. This deed, which was recorded on March 14, 1850, contains the following language: "Do bargain, release, alien, and deliver for the consideration of love and natural affection and $1 to me paid by Lucinda Nibbs, my adopted daughter."

Two witnesses testified that they were well acquainted with James Knight and Lucinda Knight in 1853 and for a number of years subsequent thereto, and she was generally regarded in the community as his adopted daughter. No record of an adoption by James Knight of Lucinda as his legal heir was shown.

In 1850 the Legislature passed a special act authorizing James Knight to adopt Lucinda Nibbs as his legal heir. This act was approved January 8, 1850.

Appellants' first assignment of error complains of the verdict of the jury as being contrary to the evidence. This assignment can not be sustained. If we concede, for the sake of argument, that the evidence is sufficient to raise the issue of the adoption by James Knight of Lucinda as his legal heir, it is certainly not of such probative force as to authorize us to set aside the verdict of the jury. None of the acts and declarations of James Knight shown by the evidence is in itself an adoption of Lucinda as his heir. The most that can be claimed from such acts and declarations is that they tend to show that some time prior to 1843 he had legally adopted her as his heir. The common law, which became the law of Texas in 1840, did not authorize the adoption of heirs, and if James Knight ever adopted Lucinda it must have been prior to 1840, under the Spanish law, which then prevailed in this State. If some of his acts and declarations subsequent to 1843 tend to show that he had adopted her prior to 1840 in accordance with the provisions of the Spanish law, his act in obtaining from the Legislature of Texas in 1850 a special law authorizing him to adopt her tends strongly to show that he had not adopted her under the Spanish law. The fact that he supported her and sent her to school from 1843, when she was 10 or 12 years old, until she married, and that he always recognized her as his daughter and treated her as such has very little weight on the issue of adoption in view of the fact that she was his natural child. His designation of her as his adopted daughter can be readily explained on the theory that he desired to keep from her and as far as possible from the public the knowledge of her illegitimacy.

We think it clear that the jury were authorized to find under this evidence that James Knight did not adopt Lucinda as his legal heir under the Spanish law. There was no law in this State under which he could have adopted her between 1840 and the passage of the special act in 1850 authorizing her adoption, consequently she could not have been legally adopted between these dates. There is no evidence tending to show an adoption under the special law or under the general statute of adoption passed subsequently.

The deed executed by James Knight in March, 1850, in which Mrs.

Nibbs is described as his adopted daughter, can not be regarded as an adoption under the special law before referred to. The evident sole purpose of the deed was the conveyance of land, and the language referring to Mrs. Nibbs as his adopted daughter is clearly intended as descriptio personae and was not used for the purpose of making Mrs. Nibbs his adopted heir.

The portion of the charge complained of in the second assignment of error when read in connection with the whole charge could not have misled the jury. The charge as a whole was most favorable to appellants.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.