In Mills v. State, 13 Tex. App. 489, Judge Hurt, writing the opinion, says:

"It appears from the statement of facts that Henderson Dart shot the prosecutor, Isham Berry. Mills [the appellant] was indicted separately; there being no mention of Dart in the indictment.

"Upon the trial the defendant excepted to all evidence tending to prove that Dart shot Berry, upon the ground that there was no allegation in the indictment to that effect. The court overruled the objection, and the defendant excepted. We are of the opinion that the ruling of the court was correct. The state proved that Dart did the shooting, and that defendant was present, and, knowing the unlawful intent of Dart, abetted and encouraged him in the commission of the offense.

"The question here raised is this: Must the indictment charge all of the parties engaged in the commission of the offense, in order to the admission of evidence to prove that a party not on trial committed the act, and that the defendant [the party on trial] was present, and, knowing the unlawful intent of such person, aided him by acts or encouraged him by words or gestures? We are of the opinion that this question must be answered in the negative. If the party is present and knows of the unlawful intent, aids by acts or encourages by word or gestures the party who actually commits the unlawful act, he is held a principal actor, and can be prosecuted and convicted as such."

This case states and applies the rule which has been consistently and uniformly adhered to. Mr. Branch in his Ann. P. C. p. 342, § 677, collates the cases.

The points raised in the motion for rehearing are a reiteration of those urged on the original presentation of the case. Without reviewing them in detail, we have again considered them, and are constrained to believe that they were decided in accord with the rules of law.

We therefore overrule the motion.

PRENDERGAST, J., absent.

---

STEVENSON v. STATE.  (No. 4819.)

(Court of Criminal Appeals of Texas. Feb. 13, 1918. Rehearing Denied March 20, 1918.)

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Walter Stevenson was convicted of rape, and he appeals. Affirmed.

H. G. Wills and J. H. Synnott, both of Dallas, for appellant. Mike T. Lively, Dist. Atty., of Dallas, and E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. The death penalty was assessed against appellant under an indictment charging rape.

This record in all substantial matters, except the issue of insanity which was not raised in this record, is the same as that in the case of Dodd v. State, 201 S. W. 1014, to which this is a companion case, this day decided. The action of the court overruling the motion to change venue, as well as the motion for new trial, is presented in the same way as those questions are presented in the Dodd Case, as is also the question of confession, the recall of the witness Miss Orcutt, and the bill in reference to leading questions. After reviewing the two cases and the opinion in the Dodd Case, we see no reason why an opinion should be written in this case reviewing those questions. They were fully discussed and decided in the Dodd Case, and a further review of the questions would be of no practical utility.

Following the decision in the Dodd Case, this judgment will be affirmed.

---

LANE v. SANDERS et al.  (No. 8743.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 22, 1917. Rehearing Denied Feb. 23, 1918.)

1. EVIDENCE ⊂⊃157(6) — ADMISSIONS — BEST AND SECONDARY EVIDENCE.

In a suit to recover half interest in land by one claiming as heir by adoption of defendants' stepmother's first husband, defendants claiming under will of their stepmother, who, unless plaintiff were legally adopted, inherited her first husband's undivided half interest in the land, parol proof of oral admissions by the alleged adopting parent and the stepmother in their lifetime that they had adopted plaintiff as their son were admissible as against the objection that it was secondary evidence only, that a written instrument of adoption was the best evidence, and that no sufficient predicate was laid for introduction of secondary evidence of its contents.

2. ADOPTION ⊂⊃17 — EVIDENCE — GENERAL REPUTATION.

In such action plaintiff could not prove legal adoption by general reputation of the adoption.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. EVIDENCE ⟨⟩236(3) — ADMISSIONS — BEST AND SECONDARY EVIDENCE.

In such action, plaintiff having offered evidence that his stepmother was required by her second husband to deed him all her land, her statements that she owned but a half interest in the land in controversy and deeds by which she conveyed to her second husband only a half interest therein were admissible as showing she recognized that plaintiff owned the other half-interest; such admissions by her being admissions against her interest and binding upon defendants, claiming title through her and her first husband.

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by A. G. Lane against R. E. Sanders and others. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Walker & Baker, of Cleburne, and S. R. Carruth, of Morgan, for appellant. W. B. Thompson and J. P. Word, both of Meridian, and A. J. Power, of Ft. Worth, for appellees.

DUNKLIN, J. A. G. Lane instituted this suit against R. E. Sanders, Mrs. Audie Collins, and Walter Collins to recover an undivided one-half interest in four tracts of land situated in Bosque county, and from a judgment in the defendants' favor plaintiff has appealed.

Plaintiff claimed to be the adopted son of Dr. B. F. Lane, and claimed the property as heir of his foster father. Both Dr. Lane and Mrs. M. M. C. Lane, his wife, who later married T. D. Sanders, were dead at the time the suit was instituted, and the tracts of land in which plaintiff claimed one-half interest were their community property at the time of the death of Dr. Lane. Dr. Lane died intestate. He never had any natural children, so that, if plaintiff had ever been legally adopted by Dr. Lane, then he inherited Dr. Lane's undivided one-half interest in the land. Articles 1 and 2467, V. S. Texas Civil Statutes. Mrs. M. M. C. Lane survived Dr. Lane a number of years, during which time she married T. D. Sanders. The defendants are the children of T. D. Sanders by his former marriage. They alleged that their father, T. D. Sanders, died prior to the death of their stepmother, Mrs. M. M. C. Sanders, and that plaintiff was never legally adopted by Dr. Lane; that on the death of Dr. Lane his surviving wife inherited his undivided one-half interest in the land and they claimed that interest under and by virtue of a will alleged to have been made in their favor by their stepmother, Mrs. M. M. C. Lane.

Plaintiff did not introduce in evidence upon the trial any written statutory instrument of adoption executed by Dr. Lane; nor does the record show that he offered any proof of his inability to find such an instrument or the record thereof in the county clerk's office of any county where Dr. Lane was known to have resided, further than the circumstances of the long period of time that had elapsed since plaintiff was adopted, if adopted at all, but he sought to introduce as primary evidence parol proof of admission by Dr. Lane that he had adopted plaintiff as his son, and all the assignments presented here are addressed to the action of the trial court in rejecting such proffered evidence and in peremptorily instructing a verdict in favor of the defendants.

The objections sustained to all of such testimony were, in effect, that it was secondary evidence only; that the written instrument of adoption itself, if in fact any such was ever executed and recorded, was the best evidence, and no sufficient predicate was laid for the introduction of secondary evidence of its contents.

A portion of the evidence excluded was the deposition of T. B. Wright, who testified:

"That he was 77 years old, a resident of Hill county, had lived in that community for 40 years; that he first got acquainted with Dr. Lane in 1870, and lived in his home in the year 1872, also with Dr. Lane on his farm the year 1874; that Dr. Lane told witness that plaintiff, A. G. Lane, was his adopted son; that witness heard him make the same statement repeatedly to different people; that he also heard him make the same statement in the presence of his wife, who did not deny or question it."

Said deposition was further:

That Dr. Lane told him "that A. G. Lane's parents died with cholera when he was an infant, and that he, Dr. Lane, had legally adopted A. G. Lane; that he introduced A. G. Lane to the witness as his adopted son; that he had heard Dr. Lane tell the plaintiff that he should take an interest in keeping up and improving the farm, as he, A. G. Lane, would get it when he, Dr. Lane, was gone."

Mrs. Sue Stansell, 60 years of age, niece of Dr. B. F. Lane, and who had known him since the year 1865, would have testified for plaintiff if permitted to do so:

That Dr. Lane told her "that he had legally adopted A. G. Lane, and that the records of the county in which the adoption paper was recorded had been destroyed by the burning of the county records; that if he stated to her what county or what state it was she did not remember."

By several other witnesses plaintiff offered to prove repeated declarations and statements by Dr. Lane extending over a long period of time to the effect that plaintiff, A. G. Lane, was his adopted son. Plaintiff also offered to prove by the witness Lon Sanford that he was present when Dr. Lane died, and that shortly before his death and while on his deathbed he called to his bedside his wife, Mrs. M. M. C. Lane, and told her "that he wanted her to have the use and occupation of their land while she lived, and that after her death he wanted it all to go to his adopted son, A. G. Lane," and that Mrs. Lane said it should be done. Plaintiff also offered to prove that after the marriage of T. D. Sanders to Mrs. M. M. C. Lane there was a temporary separation, during which time T. D. Sanders refused to again live with his

said wife unless she would deed to him all her land, and that in compliance with that demand she did deed to him an undivided one-half interest in the tracts of land described in plaintiff's petition. Plaintiff also offered to prove by several witnesses that while advising with others as to whether or not she would comply with that demand of her husband she stated to those witnesses that she could not convey the entire title to those tracts because A. G. Lane, plaintiff, owned one-half interest therein.

All the testimony referred to above was excluded upon the objections mentioned; and in excluding it we think there was error.

In section 50 of Starkie on Evidence, the following is said:

"Another class of evidence, which is admissible, though the usual tests are inapplicable, consists of declarations made by one of the parties to a suit, in the nature of a confession or admission contrary to his interest. Whatever a party voluntarily admits to be true, though the admission be contrary to his interest, may reasonably be taken for the truth. * * * As to such evidence, the ordinary tests of truth are properly dispensed with; they are inapplicable; an oath is administered to a witness in order to impose additional obligation on his conscience, and so to add weight to his testimony; and he is cross-examined to ascertain the means of his knowledge, as well as his intention to speak the truth. But where a man voluntarily admits a debt or confesses a crime, there is little occasion for confirmation; the ordinary motives of human conduct are sufficient warrant for belief."

And again in section 506 the same author says:

"But upon consideration the courts have held that admissions by a party bound, when used against himself, do not fall within the reason of the rule which forbids the reception of secondary evidence until the absence of primary evidence has been satisfactorily accounted for. That reason is that the introduction of secondary evidence when primary evidence can be produced, the former being in its nature derived from the latter, necessarily raises a suspicion that the latter would have been unfavorable to the party who does not produce it. To what a party himself admits to be true it is obvious that this reason does not apply; and therefore admissions made by a party are evidence against him of the contents of a document without producing it or calling the attesting witness."

See, also, 1 Greenleaf on Evidence, § 97; 2 Elliott on Evidence, § 1260.

In 1 R. C. L. p. 489, § 27, it is said:

"While many early decisions hold that verbal admissions as to the contents of a writing are inadmissible in evidence, and the position has frequently been taken that verbal admissions as to the contents of a writing are incompetent unless the absence of the writing is first accounted for, the rule generally adopted at the present time is that oral admissions as to the contents of a written instrument are competent evidence of its contents, although the failure to produce the instrument itself is not explained. The better view seems to be that the general principle respecting the production of written evidence as the best evidence does not apply to the admissions of parties. The early rule was that the admissions of a party are insufficient to dispose with the production of attesting witnesses in order to establish the execution of the instrument; but recent authorities are to the contrary."

Slatterie v. Pooley, 6 M. & M. 664, seems to be the leading case in which that doctrine is announced, and it has been frequently cited. The following excerpt from the opinion of Justice Parke in that case is quoted in 2 Wigmore on Evidence, § 1255, where the rule is discussed:

"If such evidence were inadmissible, the difficulties thrown in the way of almost every trial would be nearly insuperable. The reason why such parol statements are admissible is that they are not open to the same objection which belongs to parol evidence from other sources where the written evidence might have been produced; for such evidence is excluded from the presumption of its untruth arising from the very nature of the case where better evidence is withheld; whereas what a party admits to be true may reasonably be presumed to be so. The weight and value of such testimony is quite another question."

In sections 1256 and 1257 the author cites some decisions in conflict with Slatterie v. Pooley, and others limiting its application to admissions made in the course of judicial proceedings, of collateral matters, or in instruments in writing, etc. But in subdivision 5 of section 1257 the author says an admission of the execution of a document is always receivable, and in volume 3, § 2105, that the terms of the document need not be precisely given.

In Smith v. Palmer, 6 Cush. (Mass.) 513, it was held that the admissions of the defendant that a former action had been prosecuted to final judgment was admissible as primary evidence.

In Morey v. Hoyt, 62 Conn. 542, 26 Atl. 127, 19 L. R. A. 611, the following was said:

"The rule that the oral admissions of a party against himself and those claiming under him, although relating to the contents of a writing, are primary evidence, seems to be well established, whatever we may think of its wisdom. So far as we are aware, this court has never had occasion to consider this rule, but elsewhere the weight of authority is in its favor. It is established in England, as shown by the authorities cited: 'Primary evidence means the document itself produced for the inspection of the court, or an admission of its contents proved to have been made by a party whose admissions are relevant.' Stephen, Dig. art. 64; Earle v. Picken, 5 Car. & P. 542; Slatterie v. Pooley, 6 M. & W. 664; Reg. v. Basingstroke, 14 Q. B. 611; Taylor, Ev. par. 410. It seems to be the prevalent rule in this country. 1 Greenleaf, Evidence [15th Ed.] par. 98; Smith v. Palmer, 6 Cush. [Mass.] 513; Loomis v. Wadhams, 8 Gray [Mass.] 557; Blackington v. Rockland, 66 Me. 332; Wolverton v. State, 16 Ohio, 173, 47 Am. Dec. 373; Edgar v. Richardson, 33 Ohio St. 581, 31 Am. Rep. 571; Edwards v. Tracy, 62 Pa. 374; Taylor v. Peck, 21 Grat. [Va.] 11."

In Combs v. New Albany R. M. Co., 146 Ind. 688, 46 N. E. 16, the Supreme Court of Indiana held that the deposition of a party to the suit in answer to questions by the opposing party containing an admission of the contents and legal import of attachment proceedings in another state were held to be admissible over an objection that such testimony was secondary, and that the best evidence would be an authenticated copy of

such judicial records. In that case the court said:

"The rule that parol evidence is not admissible to prove the contents of documents and other writings or other facts shown by the decree of a court or other public record does not apply in all its strictness to the admissions of a party. Such admissions are received as primary evidence."

In support of that announcement a long list of authorities is cited.

In Edgar v. Richardson, 33 Ohio St. 581, 31 Am. Rep. 571, the Supreme Court of Ohio held that a judicial decree of divorce could be proven by the declaration of the defendant that she had been divorced.

In Chew v. Jackson, 45 Tex. Civ. App. 656, 102 S. W. 428, which was a suit in trespass to try title, where the issue was a delivery of a deed by a testator to his grandchildren, a declaration of the testator that "he intended to give and had given the boys the land in question" was held by this court to be admissible, as an admission against interest. To the same effect are Matador Land & Cattle Co. v. Cooper, 39 Tex. Civ. App. 99, 87 S. W. 235, and Wilson v. Simpson, 80 Tex. 279, 16 S. W. 40.

In Hoefling v. Hambleton, 84 Tex. 519, 19 S. W. 689, it was held that the defendant's admission upon cross-examination that he had sold and conveyed the land in controversy as was alleged by plaintiffs were admissible to prove such conveyance as against the objection that parol testimony was incompetent to show the sale of land; and in so holding our Supreme Court used the following language:

"It is, we think, a proper case for the application of the doctrine that the admissions of a party of the contents of a written instrument may be received in evidence without the production of the writing or accounting for its absence"—citing many authorities.

See, also, Moore v. Bryant, 10 Tex. Civ. App. 131, 31 S. W. 223.

Counsel for appellees, in support of their contention that the evidence excluded was not admissible, has cited Powell v. Ott, 146 S. W. 1019, Conrad v. Herring, 36 Tex. Civ. App. 616, 83 S. W. 427, and McColpin v. McColpin, 75 S. W. 824, all decided by our Courts of Civil Appeals, and decisions from other states such as McCollister v. Yard, 90 Iowa, 621, 57 N. W. 447, Quinn v. Quinn, 5 S. D. 328, 58 N. W. 808, 49 Am. St. Rep. 875, and Harris v. Harris, 10 Wash. 555, 39 Pac. 149.

In Powell v. Ott, supra, it was said:

"The testimony relied upon to prove that appellant had been adopted by said L. C. Powell as his heir consisted alone of declarations by said L. C. Powell and his wife that he was their adopted child. That testimony was not sufficient to establish that he had been lawfully adopted by L. C. Powell as his heir. McColpin v. McColpin's Estate, 75 S. W. 824; Moore v. Bryant, 10 Tex. Civ. App. 131, 31 S. W. 223."

Practically to the same effect are Conrad v. Herring and McColpin v. McColpin; but in all of those cases it seems that the oral declarations of adoption were introduced in evidence without objection thereto; and the discussion was as to their sufficiency of themselves, without aid from other corroborative evidence to constitute proof of adoption. But these decisions seem in conflict with White v. Holman, 25 Tex. Civ. App. 152, 60 S. W. 437, in which it was held that an admission contained in a will by a testatrix that her former husband had adopted a girl named Kate as his heir, who was entitled to his half of the community landed estate, was sufficient to establish the fact that Kate had been legally adopted as such heir, and was entitled to his half of such estate. In that case, however, it was expressly stated that no objection had been urged to the admission of such declaration and that therefore the question whether or not the adoption papers would be the best evidence did not arise. We shall not undertake to review the decisions of other states cited by appellee to show that the testimony offered was not admissible. In addition to those, many others might be added that would support that conclusion, but we think the great weight of authorities announce a contrary view, and that they have a better support in reason and principle, and that they should be followed in this case, especially in view of the long period of time which has elapsed since the instrument of adoption was executed, if executed at all, and the further fact that Dr. Lane is now dead. Chew v. Jackson, supra, and authorities there cited.

[1, 2] For the reasons indicated, we conclude that the evidence offered by plaintiff and excluded by the court referred to in appellant's assignments of error 1 to 6, and the testimony referred to in the ninth assignment to the admissions by Mrs. Sanders also that plaintiff had been legally adopted by Dr. Lane should have been admitted, but that the proffered testimony mentioned in the ninth assignment to prove general reputation of the alleged adoption was not admissible. We are also of the opinion that the testimony of plaintiff himself which was offered and excluded, and which is set out in the eighth assignment of error, with respect to declarations made to him by Dr. Lane and his wife, that Dr. Lane had adopted him as his son, and their treatment of him as such, were also admissible as against the objection urged thereto that the same was secondary evidence, and no proper predicate had been laid for its admission.

[3] We are of the opinion further that the deeds to one-half interest in the property executed by Mrs. M. M. C. Sanders and her husband to R. E. Sanders and the deed from R. E. Sanders reconveying the same property to T. D. Sanders were admissible in connection with the proffered testimony of several witnesses already mentioned tending to show that those instruments were ex-

ecuted for the purpose of vesting in T. D. Sanders an undivided one-half interest only in the land, and that Mrs. ·Sanders then recognized that plaintiff owned the other half interest. Such admissions· by Mrs. Sanders were· admissions against her interest, and like admissions of adoption by Dr. Lane were binding also upon the defendants who claimed title through her and Dr. Lane.

For the reasons indicated, the judgment is reversed, and the cause remanded. ·  ⟋

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

───────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes