## James Kelly v. John McKenna.

*Set off: Pleading and evidence: Instruction of jury by court.* Plaintiff below declared upon a special contract for services performed, and also under the common counts.

After introducing evidence tending to prove the special contract he rested, and defendant offered evidence, under his notice of set off, of certain moneys received by plaintiff for him—but which was rejected.

On the conclusion of the testimony, plaintiff withdrew all claim under the common counts.—Jury found for plaintiff.

The rejection of the set off was erroneous. Plaintiff having given evidence pertinent to the issue under the common counts; the proof was admissible when offered, and as the finding was one which might have rested on the common counts, it was the duty of the court to instruct the jury how to distinguish the evidence applicable to the special and common counts respectively, so as to confine their attention to the proof under the special count. This not having been done, it will not be presumed that the error in refusing evidence of the set off was cured by withdrawing the common counts.

*Evidence: Copy of letter: Admissions.* When a defendant testifying admits that an alleged copy of a letter written by him was substantially correct, it is equivalent to an admission by him, of the fact, and becomes original evidence.

*Heard May 8th. Decided May 12th.*

Error to Wayne Circuit.

This was an action of assumpsit, brought to recover the value of services rendered upon a vessel.

The declaration set forth the terms of an alleged contract in two special counts. The common counts were also added. The defendant pleaded the general issue, with notice of set off, as follows:

"Take notice that the following is a bill of particulars of the defendant's set off in this case, to wit:

| | |
|---|---:|
| Spring of 1864— To cash carried to Chicago by plaintiff for defendant, $3,000, out of which the plaintiff kept $100, and never accounted for it   -   -   - | $100 00 |
| Fall of 1864— To overcharges of the said plaintiff for sailing the Corinthian, as master, during the season of 1864.   -   -   -   -   -   -   -   -   - | 300 00 |
| To cash received by the plaintiff from the defendant's wife, the same belonging to the defendant,   - | 120 00 |
| | $520 00" |

On the part of the defense, the plaintiff below being called as a witness, was shown a paper purporting to be a copy of a letter written by him to one Bruce, and relating to said vessel; after reading it, he testified that it was a correct copy in its leading points.

The plaintiff's counsel objected to its introduction, on the ground that the original must be produced, and also that the testimony was immaterial. The court rejected it.

Defendant below then offered evidence to sustain his set off. The evidence was rejected, whereupon plaintiff withdrew all claim to recover, under the common counts.

Judgment was rendered for plaintiff.

*S. Larned* and *F. A. Baker*, for plaintiff in error.

1. The first question raised in this case is whether the court below erred in refusing to allow the defendant to prove a set-off. The plaintiff's declaration contains two special counts in assumpsit, each setting up an express contract and alleging damages generally, for an alleged breach of the same by the defendant. It also contains the general or common counts. The defendant pleaded the general issue, and gave notice of set off; and, at the trial, he sought to prove a demand against the plaintiff, which was the proper subject of a set-off. But it was contended, and the court below held, that the plaintiff's cause of action or

demand, was itself incapable of being set-off, and that, therefore, under the statute, such a defense could not be made. The precise question, then, to be determined, is whether the plaintiff's cause of action is such that it could be the subject of a set-off. — *2 Comp. L. § 4180, subd. 2.*

The plaintiff declares specially, but it is well settled that the statute of set-off cannot be avoided by declaring specially for that which can be recovered on the common counts. — *Birch v. Depeyster, 4 Camp. 385; Burgess v. Tucker, 5 Johns. 105; Downer v. Eggleston, 15 Wend. 51.*

The plaintiff was entitled to recover on the common counts alone. It is considered a well established rule that, where an agreement has been performed by the plaintiff, and a duty is imposed on the defendant to pay the amount due, in money, a recovery may be had on the general count, although there was a special contract. — *Felton v. Dickinson, 10 Mass. 287; Canal Co. v. Knapp, 9 Peters, 541.*

In the present case, the plaintiff having served a part of the season, and being willing to serve the residue, in contemplation of law may he not be considered to have served the whole? — *Gandell v. Pontigny, 4 Camp. 376; Collins v. Price, 5 Bing. 132; Eardly v. Price, 5 B. & B 333.*

The alleged contract was for the whole season of navigation, and the plaintiff was not guilty of any violation of that agreement, for he did all that the law required him to do. — *Costigan v. M. & H. R. R. Co. 2 Denio, 609; Jones v. Jones, 2 Swan, (Tenn.) 605; King v. Steiren, 44 Penn. St. 99.*

Of course he was bound, when discharged by the defendant, to seek, or at least to accept employment from other parties, and to make the best use of his time. — *Sherman v. Champ. Trans. Co. 31 Vt. 162.*

If the plaintiff, using reasonable diligence, had been unable to obtain employment elsewhere, and had laid out of a situation the balance of the season, he certainly could have recovered the contract price for the whole term.

So that the term of employment having expired, the contract was fully performed by the plaintiff, and a duty imposed on the defendant to pay the amount due, which could have been ascertained under the common counts of the plaintiff's declaration, the same as in any other case of mutual account between principal and agent.

But admitting that it was necessary for the plaintiff to declare specially for the breach of the alleged contract by the defendant, yet the testimony offered was admissible; for, if the plaintiff had failed to recover on his special counts, then he would have been entitled to a verdict upon the common counts for what the two or three weeks of actual service were reasonably worth.— *Keys v. Stone, 5 Mass. 391; Tuttle v. Mayo, 7 Johns. 132; Linningdale v. Livingstone, 10 Johns. 36; Smith v. Warner, 16 Mich. 396.*

We submit that the Circuit Judge should have admitted the testimony in evidence, and, if requested so to do, to have instructed the jury that if they found for the plaintiff on the common counts to allow the set-off, but that if they found for the plaintiff on the special counts, that then a set-off was not permissible.

2. The copy of the letter of McKenna to Bruce, dated Detroit, May 21, 1866, was material and relevant, and it was competent to introduce the copy.

*a.* It was material and relevant, because, when taken in connection with the letter of McKenna to Kelley, dated Buffalo, January 17, 1866, it tended to impeach the credibility of the plaintiff.

*b.* It was competent, because the plaintiff, after reading it, testified that it was a correct copy in its leading points.

*Moore & Griffin,* for defendant in error.

The first five assignments of error are based upon the theory of the plaintiff's counsel, that he was entitled to a set-off.

The court below was right in excluding testimony upon

that point. — *Smith v. Warner, 14 Mich. 152; Smith v. Warner, 16 Id. 390.*

It was incompetent to introduce the copy of the letter mentioned in the seventh assignment of error. It was also irrelevant.

The court charged the jury, that if they found that a contract for the season was made, but no price fixed, the plaintiff is entitled to recover, at the rate of such sum as the jury believe, from the evidence, his services were reasonably worth per year, for the time he was out of employment. This was correct. — *Collins v. Vendever, 1 Clark, (Iowa) 573; 1 Pars. on Con. 448; 2 Id. 44, 515; Sykes v. Dixon, 9 Adolph. and E. 693.*

*Per Curiam.*

In this case, the declaration contained two special counts, and also the common counts. The special counts set up a contract between the parties, for the employment of McKenna by Kelley, as master of a schooner for the season of navigation; that McKenna entered upon the service, and continued about three weeks, when he was dismissed by Kelley, who refused to keep him any longer. Kelley pleaded the general issue, with notice of set-off. On the trial, McKenna, who was the plaintiff below, gave evidence tending to show the contract set up in the special counts; that he entered upon service under the contract, and, at the end of about three weeks, was dismissed by Kelley, who refused to be bound by, or recognize the contract. McKenna having rested his case, Kelley offered evidence of set-off under his notice, but this was excluded by the court, under an objection by McKenna's counsel, that his demand was incapable of being set off, and that, consequently, the set-off proposed by Kelly was inadmissible.

When the testimony on both sides was concluded, the counsel for McKenna withdrew all claims to recover under

the common counts. The exclusion of the evidence of set-off, when it occurred, was clearly erroneous, and this being so, it is incumbent upon defendant in error to show that it was cured, or rendered harmless by what occurred subsequently. He insists that this is shown by the withdrawal of all claim to recover under the common counts. But we cannot presume that the jury were sufficiently informed, without instructions from the court, to enable them to distinguish the evidence to be applied to the special counts from that which would apply to the common counts, and since the plaintiff below had given evidence which was pertinent to the issue on the common counts, and it does not appear that the Circuit Judge gave the jury any instructions on the subject, but left them at liberty to find a verdict under the common counts, and since the verdict is entirely consistent with the theory that the finding was for the three weeks service under the general count, we cannot assume that the error in refusing Kelly's evidence was corrected or rendered harmless.

The copy of the letter written by McKenna to Bruce should have been admitted. The defendant testified that it was in its leading points a correct copy of a letter he had written to Bruce. This evidence of McKenna converted the contents of the paper as to its leading points into admissions by him, and made them original evidence. It was of no consequence that the paper was a copy of a letter he had written. When he made its contents identical with his declaration, the paper became an original for the purpose of showing his declaration to Bruce; and it was relevant, as it bore upon the state of the accounts between the parties.

There must be a new trial in consequence of the errors which have been stated; but as the other questions raised by the assignment of errors, will not be likely to arise in a future trial, we deem it unnecessary to consider them.

*Judgment reversed with costs.*

The other Justices concurred.