## ALFRED S. CLARKE *vs.* WARWICK CYCLE MANUFACTURING COMPANY.

Hampden.    September 27, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Services rendered — Evidence — Admissions — Corporation —*
*Insolvency — Action.*

Admissions are evidence against the party making them, although they relate to the contents of a written paper or to a corporate vote.

If the only election of a person as president of a corporation that appears in evidence was in a certain year, the fact that he continued to act two years later, coupled with his assuming to carry out a vote two years after that, giving authority to "the president," tends to show that he still held the office.

The record of a special meeting of stockholders of a corporation, authorizing "the president" to file a petition in insolvency on behalf of the corporation, and the schedule of creditors filed with the petition, are admissible, in an action against the corporation for services, to show an admission that the plaintiff was a creditor for the amount claimed by him.

In an action against a corporation for services as auditor, if it appears that three persons were chosen a committee of the stockholders to engage an accountant, no exception lies to the admission in evidence of a question as to the plaintiff's talk with one member of the committee, in consequence of which he went to work, it appearing that shortly afterwards the plaintiff received similar directions from the other two members of the committee jointly.

If, in an action against a corporation for services as auditor, the treasurer has testified in effect that, when the plaintiff presented his bill, he spoke of himself as if he were a creditor of B., who was one of a committee of stockholders appointed to engage an accountant, the plaintiff properly is allowed to testify that, on the occasion in question, the treasurer said that he was a little short of money, but hoped to be able to send a check in a few days.

Where judgment in an action against a corporation is sought as a first step towards enforcing the directors' liability, under Pub. Sts. c. 106, § 62, insolvency of the corporation and proof of the plaintiff's claim do not affect his right to have judgment for the unpaid balance.

In an action against a corporation for services rendered, the defendant is not entitled to a ruling that there is not sufficient evidence that the value of the services is the amount claimed, if there is evidence of the extent of the services and the plaintiff testifies, without objection, that they are worth that sum.

CONTRACT, upon an account annexed, to recover $264 for services in auditing the books of account of the defendant corporation. Trial in the Superior Court, without a jury, before *Maynard*, J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Brooks & W. Hamilton,* for the defendant.

*J. B. Carroll & W. H. McClintock,* for the plaintiff.

HOLMES, C. J.   This is an action upon a claim for services rendered as auditor.   At the trial exceptions were taken to the admission of evidence and to the refusal of requests for rulings. We take them up in their order.

The first exception was to the admission of part of a record of a stockholders' meeting, which read as follows : " Mr. Clarke, [the plaintiff,] who has been auditing the company's books, made an exhaustive report, which was accepted and placed on file.   It is moved and carried that the auditor's recommendation in regard to the future conduct of the business be complied with."   The employment of the auditor by the corporation was denied, and this part of the record tended to show that he was recognized by the company as employed by them.   It is to be remembered, with reference to this and other exceptions, that admissions are evidence against the party making them, although they relate to the contents of a written paper or to a corporate vote.   This vote may require a special notice in order to be good, but an admission made by the corporation at any time is evidence that the necessary conditions were performed. *Smith* v. *Palmer,* 6 Cush. 513, 520, 521.   *Loomis* v. *Wadhams,* 8 Gray, 557, 562.   *Topping* v. *Bickford,* 4 Allen, 120.   *Putnam* v. *Gunning,* 162 Mass. 552, 554.

The next exception is to the admission of records showing that George A. Russell acted as president in 1896.   The fact that he was president was material with reference to the evidence next to be mentioned.   This exception is disposed of by what we have said in dealing with the first, except the argument that the fact that he was president in 1896 is no evidence that he was president in 1898, the material time.   The only election that appeared was in 1894.   But the fact that he continued to act in 1896, coupled with his assuming to carry out a vote in 1898 giving authority to " the president," tends to show that he still held the office.

The record of a special meeting of stockholders in February, 1898, authorizing " the president " to file a petition in insolvency on behalf of the company, and the schedule of creditors filed with the petition, were put in to show an admission that

the plaintiff was a creditor for the amount claimed by him. It is objected that it does not appear that the meeting was called as provided in Pub. Sts. c. 157, § 127. As no objection seems ever to have been raised by any stockholder, the regularity of the call may be presumed, if it be material, for the limited purpose for which the schedule was used.

It appeared that Messrs. Kinsman, Bannigan, and Myrick were chosen a committee of the stockholders to engage an accountant. A question was admitted as to the plaintiff's talk with Bannigan, in consequence of which he went to work. This is objected to as if the import of the evidence was that Bannigan undertook to act alone. But it appeared that shortly afterwards the plaintiff received similar directions from the other two members of the committee jointly, so that the fair inference is that the committee had agreed beforehand, if so much as that be necessary when their ultimate agreement is shown. *McNeil* v. *Boston Chamber of Commerce*, 154 Mass. 277, 282.

The plaintiff was allowed to testify that when he presented his bill to one Very, the treasurer, the latter said that he was a little short of money, but hoped to be able to send a check in a few days. We need not decide whether this was competent as an admission. *Lane* v. *Boston & Albany Railroad*, 112 Mass. 455, 462. *Boston & Maine Railroad* v. *Ordway*, 140 Mass. 510. Very had testified that the plaintiff said that he was sent by Bannigan, and the testimony seemingly was intended to convey the idea that the plaintiff spoke of Bannigan as his employer, as distinguished from the company. If Very dealt with the plaintiff as a creditor of the company, that fact tended to discredit and contradict his testimony that the plaintiff spoke of himself as if he were a creditor of Bannigan. See *Williams* v. *Spencer*, 150 Mass. 346, 349, 350.

The judge was asked to direct a verdict for the defendant. But the evidence which we have decided to be admissible, and the other evidence in the case, made that impossible. Indeed, the argument was not addressed to this, but only to the second request, which was in substance that the judgment in this action should be deferred until the question outstanding in the insolvency proceedings, whether the plaintiff's claim should be al-

lowed, should be determined and the estate settled there.   But when, as here, the judgment against the corporation is sought as a first step towards enforcing the directors' liability, Pub. Sts. c. 106, § 62, it is settled that insolvency and proof of the plaintiff's claim do not affect his right to have judgment for the unpaid balance.   *Coburn* v. *Boston Papier Maché Manuf. Co.* 10 Gray, 243.   *Johnson* v. *Somerville Dyeing & Bleaching Co.* 15 Gray, 216, 218.   *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532, 536.

The only other request argued is that there was not sufficient evidence that the value of the plaintiff's services was $264. There was evidence of the extent of the services, and the plaintiff testified without objection that they were worth that sum. *Copithorne* v. *Hardy*, 173 Mass. 400.

*Exceptions overruled.*