° J. H. CRISTLER V. B. T. WILLIAMS ET AL.

Decided June 4, 1910.

**Accord and Satisfaction.**

Where there is a dispute between a debtor and creditor as to the amount
of the indebtedness, and the debtor tenders a check accompanied with a declara-
tion that it was in full settlement of his indebtedness, an acceptance of the
check by the creditor will preclude him from afterwards recovering for any item
included in the controversy; and it would be immaterial that after accepting the
check the creditor told the debtor that it would not settle a certain ·item in-
cluded in the controversy.

Appeal from the County Court of Childress County. Tried below
before Hon. W. G. Gross.

*Jos. H. Aynesworth,* for appellant.

*M. J. Hathaway,* for appellees.

CONNER, CHIEF JUSTICE.—This suit was filed in the Justice's
Court of precinct No. 1, Childress County, by B. T. Williams and C.
Bier-Worth, the appellees, to recover the sum of one hundred and eleven
dollars and sixty cents, alleged to be due for about eighty perches of
stone foundation wall built by them in accordance with the terms of
a certain building contract at the rate of one dollar and forty cents per
perch. Appellant pleaded the general denial and, specially, an accord
and satisfaction. The trial in the Justice's Court resulted in a verdict
and judgment for appellees. On appeal to the County Court appellant
again suffered an adverse judgment in the sum of one hundred and
eleven dollars and sixty cents, the trial being before the court without
a jury.

There seems to be no dispute in the fact that appellees constructed
the wall in question under the terms of a written contract which con-
templated the entire completion of the foundation walls of a building
that was being erected by appellant in accordance with certain plans and
specifications, and that that part of the foundation wall for which ap-
pellees sued was constructed to replace a part of the wall theretofore
erected by them, but which had been caused to fall by a heavy rain and
overflow, and appellant insists that he in no event was liable for the wall
constructed under such circumstances, his contention being that the loss
fell upon the contractors, appellees, rather than upon him, and he cites
in support of this contention: Burke v. Purifoy, 50 S. W., 1091; Amer-
ican S. Co. v. San Antonio L. & T. Co., 98 S. W., 396; Binz v. Nat.

Supply Co., 105 S. W., 545, and notes to Huyett & Smith Co. v. Chicago Edison Co., 59 Am. St. Rep., 285. These authorities lend very strong support to appellant's contention, but we will not stop to discuss or determine the question inasmuch as we think the record is conclusive in appellant's favor on the issue presented by him of an accord and satisfaction.

Appellee B. T. Williams in testifying for the plaintiffs in the suit below testified that the parties disputed as to certain measurements in the wall for which appellant was to pay, but that appellant "refused to pay us for any part of the fallen wall and insisted that he was paying more than he ought to for the completed walls on account of the measurements and the calculations in cubic feet, but that he would pay that in full settlement of all the claim and tendered us his check for the amount based on the measurements made by us and Buster." He further testified: "We first refused to accept the check, unless he would include the amount for the fallen wall, defendant insisted that he was not going to pay anything for the fallen wall. We separated leaving the check with defendant." He further testified that they later consulted an attorney explaining the controversy, who advised the appellees that they could accept the check for the amount offered and still recover the balance for the fallen walls, and that "a few days later we met the defendant in the street he being in his buggy, we told him he could give us the check, he took the check out of his pocket and gave it to Bier-Worth and said that it was in full settlement of everything that he owed us, as we started off I told him that it did not pay for the fallen wall, to which defendant made no reply; the check was on the City National Bank, we deposited it in the Childress National Bank, where we did business. Afterwards we tried to get the defendant to pay us for the fallen wall, but he always refused saying that he did not owe us anything for that. . . . After we first refused the check, we disputed with the defendant some about the eighty perches that had fallen, but the defendant said he did not owe us anything for that and that we could take what he offered in full for everything or take nothing."

Charles Bier-Worth, one of the plaintiffs, testified substantially as appellee Williams about the dispute as to measurements, and that "when the calculations were made on the complete wall defendant offered us his check for the balance owing on the complete wall, but we at first refused to accept it unless he would include for the fallen wall. He said he did not owe us anything for that and that he was already paying us too much on account of the way we measured the work and calculated it, but that he would pay us that to get rid of the matter and that it was in full of everything that he owed us. . . . A few days afterwards we met the defendant in the street and told him that he could pay us the money, he said all right, and pulled out the check and handed it to me and said: 'That settles the whole thing that I owe you,' and as we started off Williams remarked to the defendant: 'This does not

settle for the fallen wall,' we deposited the check in the bank to our credit."

Appellant, after stating his contention as to the measurements insisted upon by appellees, testified that: "I told them that I was paying them too much for the work, that it was not right to pay for the openings and corners of the walls, nor was it right to charge me one dollar and forty cents per perch of sixteen and one-half cubic feet when that was not a perch; however, I told them that I would pay them the amount that it figured in full settlement of the whole matter; that I did not owe them anything for the fallen wall, but that I would pay them more than I owed them just to get rid of the whole matter at once. I then wrote out this check (exhibiting a check) and handed it to plaintiff Williams and told him that it was in full of everything about the building, fallen wall and all, that it was in full settlement of everything; he refused to take it and handed it back to me and said that I would have to pay for the eighty perches of fallen wall, and I told him no. They went off, and four or five days afterwards they came to me where I was sitting in my buggy in front of my office and said that they would take the check. I pulled it out of my pocketbook and told them that I had kept the same one for them and that they could have it in full settlement of everything, and Mr. Bier-Worth simply said, 'give it to us.' I said, 'here it is,' and handed it to Mr. Bier-Worth; as they turned to go away one, or both of them said: 'You know this does not settle for the fallen wall.' . . . I knew I did not owe them as much as I paid them for the work, but to keep out of any trouble I agreed to pay them the amount of the check in full of everything, and told them so when I paid it. . . . I made no attempt to stop payment of the check."

The foregoing is all of the testimony on the subject, and we think the cases of Hunt v. Ogden, 58 Texas Civ. App., 443 (125 S. W., 386), and authorities therein cited, and the case of J. B. Reid v. J. E. Walker, No. 6431, disposed of by this court in an unpublished opinion on April 30, 1910, require the conclusion that appellant's plea of accord and satisfaction was fully sustained by the undisputed proof, and that the judgment should have been for him. In the Ogden case the checks pleaded as a satisfaction of the demand against him were endorsed by the maker. "In full settlement to date," and "In full of all dues and demands to date," respectively, the latter check being enclosed in a letter stating that "it was tendered in full for all dues and demands to date and to be so accepted." The fact, however, that in the case before us the evidence that the check was tendered in full settlement is oral instead of in writing can make no difference, both alike constitute original evidence of the fact, and the evidence herein quoted we think conclusively shows that appellant in offering the check did so under such circumstances and accompanied with such declarations as amounted to the condition that, if it was accepted, it must be accepted by appellees in full satisfaction of the controversy. Appellees must have so understood it, and the legal effect of the acceptance of the check under such circumstances is in no

wise altered by the further fact that after obtaining it, they reiterated their demand for payment for the fallen wall.

We conclude that the judgment should be reversed and here rendered for appellant, and it is so ordered.

*Reversed and rendered.*