## TREACY v. REALTY ASSOCIATES.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

1. WATERS AND WATER COURSES ⬤➪126—COLLECTED WATERS—DUTIES.

Where waters are gathered in a central depression in a roof, where they may run over and be discharged on an adjoining building, the party collecting them is bound to exercise a degree of care commensurate with the danger; hence an averment in a complaint that defendant allowed the escape pipe to become clogged, so that the waters were dammed and flooded plaintiff's premises, calls on defendant to explain.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 141, 142; Dec. Dig. ⬤➪126.]

2. PLEADING ⬤➪214—DEMURRER—EFFECT OF.

A demurrer not only admits the facts well pleaded, but others that may be implied by fair intendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ⬤➪214.]

3. PLEADING ⬤➪216—DEMURRER—QUESTIONS REVIEWABLE.

Where the complaint averred that defendant collected water in a central depression on its roof, and that as the escape pipe became clogged it overflowed plaintiff's premises, the question of the degree of care which defendant owed not to inflict any injury thereby cannot be determined on demurrer; the only question to be reviewed being whether the complaint stated a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. ⬤➪216.]

Appeal from Special Term, Kings County.

Action by Richard Treacy against the Realty Associates. From an order denying its motion for judgment on the pleadings, and overruling its demurrer, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Lynn C. Norris, of Brooklyn, for appellant.

M. F. McGoldrick, of Brooklyn, for respondent.

PUTNAM, J. The complaint is for damage suffered by the lessee and occupant of No. 48 Myrtle avenue, by an incursion of rainwater that overflowed from the roof of the adjacent building. This roof

sloped inward toward the center, forming a well or depression. Defendant had a low wall extending along its line abutting on the plaintiff's premises. A leader was arranged to carry off water from this well. The complaint stated:

"That at various times between the 1st and 6th days of July, 1914, the leader on defendant's premises which drained the roof thereof became choked and clogged with refuse and rubbish and failed to carry off the water. That as a result thereof, and on the 1st and 5th days of July, 1914, the water collected in the well or depression in the center of said roof caused by the slope thereof, overflowed the wall of the defendant's premises and percolated through the walls of the plaintiff's building into the various floors thereof."

[1, 2] Defendant's demurrer to this has been overruled. Such an arrangement of the roof, so as to gather water into a central depression, which may run over and be discharged upon an adjoining building, manifestly threatening legal harm to the neighbor, requires a degree of care measured by the danger. And this duty applied especially to the leader, which seems to be all under defendant's control and supplied the only safe exit for the water thus collected. That such an escape pipe had become choked and clogged with refuse and rubbish, and so failed to let the water out, was an allegation which called on defendant to explain, and to show how this rainwater was impounded, notwithstanding defendant's performance of its duties. A complaint which states facts that give rise to a duty is not defective, if it omit the conclusion of law to be drawn from the facts set forth. Case v. Carroll, 35 N. Y. 385, 391; 29 Cyc. 567. Besides the facts pleaded, a demurrer also admits other facts that may be implied by fair intendment. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513.

[3] We think, therefore, that this complaint showed such a duty towards plaintiff as to call on defendant to answer. 40 Cyc. 651. On demurrer, the court is not in a position to determine whether defendant's roof depression and the leader therefrom called for ordinary care, or if the danger from water so collected was such as to impose on defendant a higher requirement not to inflict injury on the premises adjoining. Fitzpatrick v. Welch, 174 Mass. 486, 55 N. E. 178, 48 L. R. A. 278; Jutte v. Hughes, 67 N. Y. 267, 272.

The order overruling the demurrer should be affirmed, with $10 costs and disbursements.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., not voting.