**MECASKEY v. BEWLEY MILLS.**

(No. 11968.)

Court of Civil Appeals of Texas. Fort Worth.

May 5, 1928.

Rehearing Denied June 9, 1928.

1. Partnership �köö49—Conversation with one defendant tending to show partnership, not denied by other defendant when repeated to him, held admissible against latter as admission.

In action against alleged partners to recover for feedstuff sold to them, in which defendant M. denied alleged partnership, testimony of plaintiff's salesman that defendant R. told him that R. and M. were operating dairy on a fifty-fifty basis, and that he later repeated substance of conversation to M., who did not deny it, but declared that he would see that bills were paid, held admissible as an admission of M., as against contention that it was incompetent as hearsay.

2. Evidence ⊙köö158(27)—Partnership ⊙köö49—Testimony respecting written partnership settlement, exhibited to one of alleged partners, held admissible against him as admission as against objection that writing was best evidence.

In action against alleged partners to recover for feedstuff sold them, in which defendant M. denied alleged partnership, testimony of plaintiff's salesman that with M. and another he went over written settlement made between M. and R., which statement showed that total feed bills were deducted from receipts and balance divided equally between M. and R. and that such statement was apparently agreed to by M. when salesman was seeking payment for feedstuff, held admissible against M., as admissions, as against objection that it was hearsay, incompetent, and that statement· was best evidence of its contents.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by the Bewley Mills against J. H. Mecaskey and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

H. E. Lobdell and Frank J. Ford, both of Decatur, for appellant.

McMurray & Gettys and M. W. Burch, all of Decatur, for appellee.

---

⊙kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

CONNER, C. J. In its final form, this suit is one by the Bewley Mills, a private corporation, against J. O. Reynolds and J. H. Mecaskey, as partners, to recover $1,128.33, alleged to be the value of certain feedstuff sold to them for their use while conducting a dairy business. A verified account of the feed sold was attached to plaintiff's petition as an exhibit.

J. O. Reynolds was duly cited, but failed to answer. The defendant Mecaskey appeared and answered, denying the alleged partnership, and denying that he authorized the purchase of the feed.

The case was submitted to a jury upon special issues. The vital issue was whether the defendants were partners as alleged. The form of this issue was not excepted to. Indeed, in form and substance the issue of partnership vel non was substantially as requested by the defendant Mecaskey. The issue was answered by the jury in favor of the plaintiff. Other issues necessary to the plaintiff's recovery need not be noticed further than to say that they were answered in its favor.

On the answer of the jury, the court entered judgment for the plaintiff, Bewley Mills, for the sum of $1,266.50, against both defendants, jointly and severally, from which judgment the defendant Mecaskey has duly prosecuted this appeal.

Appellee presents written objections to appellant's numerous assignments of error and to the propositions based thereon, but the rules relating to the sufficiency of the assignments and propositions to require consideration are so generally known that we see no useful purpose in extending our conclusions by formally setting out and discussing the objections referred to. As to such objections, we think it sufficient to say that many of them are well sustained by the authorities cited in appellee's brief, and in our disposition of the case we will discuss only such propositions as we deem material and that are possibly not materially subject to appellee's objections.

Appellant's assignments and propositions are followed in the brief in its behalf by a single general statement apparently intended to apply to all assignments and propositions. From such general statement it appears that the principal, if not the only, complaint of the proceedings below relate to the rulings of the court in admitting the testimony of J. W. Walker in behalf of plaintiff. The witness Walker was the salesman of the plaintiff company who sold the feed in question. Among other things, it appears in the statement of facts that this suit as originally instituted was against J. O. Reynolds alone. Walker testified, in substance, that, when Reynolds came to him for feed, the witness told him he was not acquainted with him and would not sell until satisfied as to his responsibility; that Reynolds then said that he was

8 S.W.(2d)—44

running the dairy with Mr. Mecaskey on a fifty-fifty basis; that he later met Mecaskey and informed him, in substance, what Reynolds had stated; that Mecaskey made no denial and said that he would see that the bills were paid. This testimony was objected to as hearsay and incompetent. The witness further testified that after Reynolds had left the dairy he went to Mecaskey's home and there with Mecaskey and his daughter, Dollie, went over the written settlement that had been made between Mecaskey and Reynolds; that the bills for the feed had been gone over by them, and they corresponded with the duplicate bills introduced by the plaintiff showing the amount of the account as shown in plaintiff's exhibit to be correct; that the statement showed that the checks received in conducting the business were totaled, and from the total the feed bills were deducted and the balance divided between Mecaskey and Reynolds fifty-fifty. This testimony was also objected to on the ground that it was hearsay, incompetent, and that the statement mentioned was the best evidence of its contents.

Unexplained, the testimony objected to was clearly incompetent. Unexplained, Reynold's statement to the witness Walker in the absence of Mecaskey was clearly hearsay, and, unexplained, the statement of Reynolds, reviewed by Mecaskey, his daughter, and the witness, was the best evidence of its contents. But we think it fairly inferable from the court's bill of exception relating to the testimony that it was offered and considered as in the nature of admission on the part of Mecaskey and, as such, admissible.

[1] As stated, the witness Walker testified to the effect that the conversation with Reynolds in which he said that he (Reynolds) and Mecaskey were operating a dairy on a fifty-fifty basis was later, in substance, repeated by the witness to Mecaskey and not denied, and that in the same connection Mecaskey declared that he would see that the bills were paid. This, at least, presents an implication that the interpretation to which the statement of Reynolds to the witness was susceptible was admitted by Mecaskey. So far as we are able to determine from the record no other effect was given to Mecaskey's statements that he would see that the bills were paid, and, while Walker had testified that he would not have sold the feed except upon Mecaskey's assurance of payment, no issue of liability on his part because of such assurance was submitted to the jury, nor did the plaintiff request the submission of such an issue.

[2] So, too, we think the statement made by Reynolds and the daughter of Mecaskey, which was reviewed by all of them, may be fairly treated as admissions on the part of Mecaskey. The statement according to the witness' testimony was secured and exhibited to the witness while seeking payment of ap-

pellee's bills, and, apparently at least, discussed and agreed to by Mecaskey. The statement showed that the feed bills had been deducted from the gross receipts, after which the net balance was divided between Reynolds and Mecaskey fifty-fifty. Under such circumstances we fail to see that it was important to have before the court and jury the written statement. Presumably the statement remained in the possession of Mecaskey, and, if it varied from the interpretation given it by Walker, the defendant would, of course, have been entitled to so show by its introduction in evidence.

In 1 Greenleaf on Evidence, §§ 96 and 97, it is said in part:

"It appears that the prevailing doctrine in England and this country is that a verbal admission of the contents of a writing by a party himself will supersede the necessity of giving notice to produce it; in other words, that 'said admissions being made against the party's own interest can be used as primary evidence of the contents of a writing against him.'"

In Clarke v. Warwick Cycle Mfg. Co., 174 Mass. 434, 54 N. E. 887, Chief Justice Holmes says:

"It is to be remembered, with reference to this and other exceptions, that admissions are evidence against a party making them, although they relate to the contents of a written paper."

In 22 Corpus Juris, p. 976, § 1221, it is said:

"It is also to be observed that the rule requiring a party to produce the best evidence which is available is not inflexible, but may, under proper circumstances, be relaxed by the trial court. So it has been held that, where it is sought to use a written statement as an admission, the best evidence rule does not apply but a copy of the writing or parol evidence of its contents is admissible."

See, also, Cristler v. Williams, 62 Tex. Civ. App. 169, 130 S. W. 608; National State Bank v. Ricketts (Tex. Civ. App.) 152 S. W. 646; Purinton v. Purinton, 101 Me. 250, 63 A. 925, 115 Am. St. Rep. 311, 8 Ann. Cas. 205; Kelly v. McKenna, 18 Mich. 381; Smith v. Palmer, 6 Cush. (Mass.) 513.

As pointed out in the court's bill of exception, the witness Walker, in testifying as to what Mecaskey and his daughter stated at the time the written statement was reviewed, said:

"In explanation they just stated that the deductions for various feed had been deducted from that statement in their division of the money in the milk proceeds. * * * In the conversation about these things Miss Dollie did most of the talking, and they went over the statement pointing out the various items, telling me what they covered, etc., and that down at the bottom, after they deducted the feed and some other items * * * the balance was divided fifty-fifty, showing the amount Reynolds got and the amount Miss Dollie got on the checks."

We conclude that as presented no reversible error has been shown, and that the judgment must be affirmed.