## RHINELAND UNION GIN v. VOLUN-TEER STATE LIFE INS. CO.

### No. 1738.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1938.

Rehearing Denied Feb. 18, 1938.

J. S. Kendall, of Munday, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, Justice.

The Volunteer State Life Insurance Company brought this suit to recover of John Striegl and wife, Mary Striegl, upon certain notes and to foreclose a chattel mortgage lien on certain personal property and crops. Plaintiff also joined in the suit, as other defendants, Rhineland Union Gin, the Farmers Union Gin of Munday, Tex., and J. C. Harpam, alleging, as against them, causes of action for conversion of portions of the crops. The claim against the Farmers Union Gin of Munday and J. C. Harpam was separate from that against Rhineland Union Gin, and the former was settled prior to judgment, leaving the contest on the question of conversion between the plaintiff and said Rhineland Union Gin. There was a judgment by default against the Rhineland Union Gin, which was based upon a hearing as to service of citation, and an amendment of a defective return on the citation. After the interlocutory judgment by default, the case proceeded to trial resulting in a judgment against Striegl and wife, awarding plaintiff recovery of the debt and foreclosure of the lien as prayed, and judgment against Rhineland Union Gin for the sum of $310.14. The appeal is prosecuted by Rhineland Union Gin, no attack being made on the judgment as between the plaintiff and the other defendants.

Appellant's first assignment of error alleges that the court "erred in permitting D. J. Brookreson, attorney for the plaintiff, to make the unsworn statement that 'I will state that John Striegl has talked to me time and again about this and that he admitted to me that this was the cotton covered by the mortgage and that he sold it to the gin,' for the reason that same was unsworn testimony, was the act of John Striegl and was not in any way binding on the defendant Rhineland Union Gin."

This assignment of error is not supported by the record. As this court had occasion to consider in Foust v. Jones, Tex.Civ.App., 90 S.W.2d 665, 666: "Manifestly, there can be no sufficient assignment of error if the record in a case fails to show that there was such action, ruling, or part of the proceeding as is alleged to have been erroneous." The record fails to authenticate the fact that the testimony complained of as being unsworn testimony was in fact unsworn. There is no bill of exception by which the court certifies such fact, nor does the fact otherwise appear. According to the statement of facts, the witness had been previously sworn and testified in the case, and there is nothing to show that he was not testifying under the sanctions of his oath in the matter here complained of.

By its second assignment of error, appellant alleges that the court "erred in overruling and not sustaining defendant's ob-

jection to the testimony of E. H. Henderson, witness for the plaintiff, that he got a list of the cotton, which list was handed to witness, from the books at the gin and that the amount stated in the list was the amount paid for the cotton, for the reason that the books were the best evidence of their contents."

In the third assignment of error, it is alleged as the ground of error that the court "erred in overruling and not sustaining defendant's objection to the following questions propounded to, and the answers of, the witness E. H. Henderson, witness for the plaintiff: 'Look at this list (handing witness list of numbered items) to refresh your memory, now about the cotton that the Rhineland Union Gin, that we set out and describe in our petition, did you ascertain what they paid for that cotton, is the amount that is there listed in this petition, you made this memorandum at the gin didn't you' for the reason that same was secondary evidence of the contents of books and was not shown to be the act of defendant Rhineland Union Gin."

Under these assignments it is contended in the form of abstract propositions (1) that "secondary evidence of the contents of the books of account is inadmissible"; (2) that "evidence that certain books show a certain indebtedness is a violation of the best evidence rule and is inadmissible"; and (3) "that a witness cannot testify what certain books show, the books being the best evidence."

It thus quite plainly appears that but a single question is presented by the three propositions under the second and third assignments of error, and that is one involving the best evidence rule. That rule, under the facts, is, we think, not applicable. "The best evidence rule," says 17 Tex. Jur. § 191, p. 490, "does not apply where the writing is sought to be used as an admission; in these circumstances its contents may be shown by a copy or by parol, without accounting for the original." In support of the text is cited Mecaskey v. Bewley Mills, Tex.Civ.App., 8 S.W.2d 688, which strongly supports the proposition with the citation of such eminent authority as 1 Greenleaf on Evidence, §§ 96 and 97; Clarke v. Warwick Cycle Mfg. Co., 174 Mass. 434, 54 N.E. 887; 22 C.J. p. 976, § 1221.

Some of the argument in appellant's brief seems to deal with other questions, but they are not regarded as matters involving fundamental error. Aside from fundamental error, our authority is limited to a consideration of questions presented by the assignments of error.

Being of the view that the judgment of the court below should be affirmed, it is accordingly so ordered.