AVIATION ENTERPRISES, INC., by H. F.
Jones, Blanche Jones, Edwin Earnshaw,
Charles F. Bishop and Theldon B. Zaugg,
its Directors, Appellant,

v.

Merle A. CLINE, Respondent.

No. 24244.

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1965.

William Harrison Norton, Williams, Norton & Pollard, North Kansas City, for appellant.

William A. Rundle, Jr., William J. Thompson, Morrison, Hecker, Cozad & Morrison, Kansas City, for respondent.

HOWARD, Judge.

This is a suit by the corporate plaintiff for property damage to an airplane rented by plaintiff to defendant and expenses incurred by plaintiff in connection therewith when the plane, piloted by defendant, ran off the end of the runway, through a fence, and onto the edge of a highway, when defendant attempted to land the plane at Warrensburg, Missouri, on the morning of August 30, 1959. Plaintiff's cause of action is based upon the negligence of defendant as pilot, which plaintiff contends resulted in the crash landing and damage to the plane and expense to plaintiff. Plaintiff's prayer was for a total recovery in the amount of $7,500.00. Trial to the court, without a jury, resulted in a judgment for defendant and plaintiff has duly appealed to this court.

At the trial plaintiff attempted to show negligence on the part of defendant through the testimony of expert witnesses. Re-

peated attempts by plaintiff to secure answers to hypothetical questions were thwarted by the court sustaining objections to such questions. Plaintiff alleges error in such rulings, but in the view we take of this case, it will not be necessary to discuss these alleged errors or the correctness of the hypothetical questions asked, because such problems can be obviated in the re-trial of this case, without our extended discussion thereof.

Plaintiff also attempted to show negligence on the part of defendant by offering in evidence a photostatic copy of an accident report submitted by defendant to the Civil Aeronautics Administration. This report was first offered without any identification or the testimony of any witness in support thereof. When such offer was refused, plaintiff then called the defendant to the stand, as an adverse witness, for the purpose of identifying the report and his signature thereon. Defendant admitted that the photostatic copy contained a photostatic copy of his signature, that he made such a report and that he signed such a report. He further testified that he did not recall when, or to whom, he made his report; that the statement contained in the report describing what happened in the accident was not true or not complete and that he did not recall whether or not he had made such a statement.

The offer of the report in evidence was denied by the court on the ground that the photostatic copy was not the best evidence.

Plaintiff offered this report as containing an admission against interest by defendant, who signed the report. In answer to the question, "What happened?", the report stated: "Landed Southeast with full load of passengers and gasoline—wind absolutely calm. Runway was downhill. Landed too far down runway and did not want to attempt going around because of power lines at end of runway and because of full load in plane."

It is plaintiff's contention that the best evidence rule does not apply to the use of

secondary evidence such as the photostatic copy here in question when the document is offered to prove an admission of a party which is contained in such document. The parties have not cited any Missouri cases exactly in point and which govern the disposition of this appeal. Considerable research by the writer has not disclosed any such Missouri case, and, in fact, very few cases presenting a similar situation have been found in the United States.

■ While no discussion of the fundamental principles of the best evidence rule is here required, it must be kept in mind that the rule does not operate to exclude secondary evidence in all instances, but only to prefer primary evidence (the original document) over secondary evidence. Where the primary evidence is unavailable, secondary evidence is then permitted on a proper showing. The rule is not applicable in all instances where documentary evidence is offered, or, to state it another way, there are exceptions to the application of the rule requiring documentary originals.

These exceptions are based upon the reasoning which is set out in 2 Conrad, Modern Trial Evidence, Section 773, pages 5–6, as follows: "When it appears that secondary evidence is clearly equal in probative value to primary proof and that fraud or imposition is not to be feared, the reason on which the best evidence rule rests ceases to be applicable".

Many cases have stated that the best evidence rule has no applicability to instances where the evidence is offered on a collateral matter. Thus it is said that where the issue that the evidence tends to prove is collateral to the main issue in the case and is not fundamental to the cause of action or defense that the best evidence rule does not apply. See 22 C.J. Evidence Section 1224, p. 978, 32A C.J.S. Evidence § 781, p. 100. This particular exception has been recognized and applied by Missouri courts in such cases as In re Mingo Drainage District, 267 Mo. 268, 183 S.W. 611; Morgan v. Garretson-Greason Lumber Co., 105 Mo.

239, 79 S.W. 997; and Levelsmeier v. St. Louis and S. Ry. Co., 114 Mo.App. 412, 90 S.W. 104.

■ It also appears that where the contents of the writing is not directly in issue, although the evidence contained in the writing may bear upon a fundamental issue in the case, that the best evidence rule does not apply and that secondary evidence may be used without accounting for the original document. 32A C.J.S. Evidence, § 787, p. 109. It should also be remembered that in many instances the fact to be proved exists independently of any writing; that it incidentally happens that there is evidence of such fact contained in a writing, as well as other evidence of such fact which exists completely independent of any writing. In such situation, both the written document and oral testimony constitute primary evidence of the independent fact. In such situation, either documentary or parol evidence may be used to prove the independent fact and the best evidence rule is not applicable. 32A C.J.S. Evidence § 786, p. 107; 20 Am.Jur. Evidence, Section 405, p. 366; 1 Jones on Evidence (5th ed.) Section 235, p. 455.

This exception permitting secondary evidence to be used to prove collateral issues has found wide acceptance throughout the country, although the cases seldom provide a careful analysis as to whether the exception applies only where the fact to be proved is collateral to the fundamental issues in the case, or whether it also applies where the existence of the document is collateral to the case, but the evidence contained therein goes to prove one or more of the issues fundamental to or forming a foundation for the cause of action. See Ruppert v. Hermleigh Cooperative Gin and Supply Co., Tex. Civ.App., 133 S.W.2d 305; Delvitto v. Schiavo, 164 Pa.Super. 338, 64 A.2d 496; Peterson v. Lott, 200 Ga. 390, 37 S.E.2d 358; Waters v. W. O. Wood Realty Co., Ala., 71 So.2d 1.

In the present case, the existence of the accident report is certainly collateral to any

issue. Plaintiff's case does not rest upon such report; neither is it necessary for plaintiff to prove the existence of the report. The foundation of plaintiff's cause of action is the negligence of defendant as pilot of the crashing airplane. It is only incidental that the report contains a statement made by defendant which constitutes an admission by him against interest, which is evidence bearing upon the question of his negligence.

It would thus appear that since the existence of the accident report, as such, is not an issue in the case, and the contents of the report is only incidentally and collaterally pertinent to the case, that the photostatic copy of the report might well be admissible under the authorities discussed above. However, since the documentary evidence was offered as an admission, there is even stronger reason and more convincing authority for its admissibility.

It is said in 22 C.J., Evidence, Section 1221, p. 976: " * * * where it is sought to use a written statement as an admission, the best evidence rule does not apply, but a copy of the writing or parol evidence of its contents is admissible". This principle is stated in the following language in 2 Conrad, Modern Trial Evidence, Section 774, p. 7: "Another important qualification of the best evidence rule relates to the admissions of a party in interest * * *. the best evidence rule does not apply to the admissions of parties." See also 32A C.J.S. Evidence, § 788, p. 110, and 20 Am.Jur., Evidence, Section 406, p. 367, Section 579, p. 488.

Although the cases do not always clearly so distinguish, the question of the applicability of the best evidence rule to admission by the parties can be divided into two categories. One concerns oral admissions by the party of the contents of a document and the other concerns a document which contains written statements which may be admissible in evidence as admissions of the party executing the document.

The courts of the various states are not unanimous in their acceptance of the doctrine that an oral admission by a party as to the contents of a document is admissible to prove such contents. However, the best reasoned cases seem to accept such admissions of a party. See Smith v. Palmer, 60 Mass. (6 Cush.) 513; Kelly v. McKenna, 18 Mich. 381; Clarke v. Warwick Cycle Mfg. Co., 174 Mass. 434, 54 N.E. 887; Metropolitan Life Insurance Co. v. Hogan, 7 Cir., 63 F.2d 654.

The case of Purinton v. Purinton, 1906, 101 Me. 250, 63 A. 925 is a typical example of this line of cases. Here in a divorce suit plaintiff husband was attempting to show a course of improper correspondence between his wife and another man. Such letters were carried by a third party, who appeared as a witness for the husband and testified that the wife had read to him from the letters she sent to and received from the other man. The court permitted the witness to recite what the wife had said in reading from these letters. The court held that the best evidence rule did not apply to such admissions by the wife and that the witness could testify to the statements made by the wife to prove the contents of the letters.

The cases that criticize these above holdings and refuse to allow proof of oral admissions of the contents of documents place their chief reliance for such ruling on the ease with which evidence of such oral admissions might be manufactured and the danger of perjury in connection therewith. Such dangers are, of course, not a compelling reason in the case at bar, where we have a photostatic copy of a document, complete to and including the photostatic copy of the admitted signature of the defendant.

In the relatively few cases found which consider the applicability of the best evidence rule to the use of copies of documents as evidence of admissions against a party to the lawsuit the courts of the various states seem to agree that the rule does not apply to bar the use of secondary evidence in such situation. Thus in Rhineland Union Gin v. Volunteer State Life Ins. Co. (Tex.

Civ.App.) 113 S.W.2d 925, the court specifically stated that where a document is used as an admission, the best evidence rule does not apply, and either a copy of such document or parol evidence of the contents thereof may be introduced in evidence without accounting for the original document.

In Swing v. Cloquet Lumber Co., 121 Minn. 221, 141 N.W. 117, L.R.A.1918C, 660, the Supreme Court of Minnesota held that a written letter of transmittal identifying an insurance policy, specifying the face amount thereof, and showing certain of its provisions was admissible as an admission of the issuance and certain of the provisions of said policy; that, since the letter was offered as an admission of a party to the case, the best evidence rule did not require the production of the insurance policy, or a showing that it was impossible to produce it. The same court in Wentz v. Guaranteed Sand and Gravel Co., 205 Minn. 611, 287 N.W. 113, held that copies of income tax returns and corporate records were admissible as admissions against a party to the action; that the best evidence rule was not applicable and that there was no necessity to produce or account for the non-production of the originals. See also Mecaskey v. Bewley Mills (Tex.Civ.App.) 8 S.W.2d 688; Vogan v. McLaughlin, 172 Cal.App.2d 65, 342 P.2d 18.

In Bruce v. McClure, 5 Cir., 220 F.2d 330 the question at issue was whether or not the president had advanced money to his corporation as a loan, or had paid it to the corporation in purchase of its stock. A document found in the corporate minute book by the receiver was offered in evidence. The document was not dated, did not bear the necessary signature of all the directors waiving notice of the meeting, and was not signed or sealed by the secretary. However, it was signed by the president. The court held that such document was clearly not admissible on any other theory, but that since it was signed by the defendant, as president of the corporation, it was admissible against him individually as an admission. The court pointed out that the above noted defects would properly go to the weight to be given to such evidence, but did not affect its admissibility.

■ We therefore conclude, on the basis of the foregoing authorities, that the best evidence rule is not properly applicable to the photostatic copy of the accident report offered as an admission against the defendant, who admitted that his signature appeared thereon. Such document is admissible in evidence and the trial court erred in excluding it.

In his brief defendant contends that Missouri applies the best evidence rule to exclude oral evidence of an admission concerning the contents of a written instrument. Only the one case of Bank of North America v. Crandall, 87 Mo. 209 is cited to support this argument. This is not the holding of this case. In the Crandall case, one party had made a formal admission during the trial of the case that certain things were contained in or decided by a final judgment in another lawsuit. On the basis of this admission, the trial court refused to allow the opposing party to introduce in evidence the record of such judgment. The Missouri Supreme Court held that such refusal was error. One reason for this holding was that the judgment itself was much broader than the admission made by the party. Clearly, this is not applicable to the case at bar.

In Winn v. Gulf, Mobile and Ohio R. Co., Mo., 284 S.W.2d 455, our Supreme Court held that when the party admitted his signature on a document offered as an admission against the party, such document was admissible. It was further pointed out that testimony by the party that "he did not know" whether the pertinent part of the statement was contained therein when he signed the paper, or that he did not read the statement, or that he did not make the admission as written in the statement, or denying that the document offered was the statement that he signed, or otherwise casting doubt on the accuracy of the statement,

all went to the weight of the evidence and did not affect its admissibility. Thus in the case at bar, since the defendant Cline has admitted that the accident report bears his signature, it is admissible, and his testimony that the portion relied on as an admission was not true, or was not complete, or that he did not make such statement, or that he did not know whether or not he signed the report in blank, would all go to the weight to be accorded the evidence by the trier of fact, and did not affect the admissibility of such document in evidence.

 It is abundantly clear that the defendant has a right to explain or cast doubt upon the accuracy or truthfulness of this report in any way that he may see fit. In fact he can even offer evidence for this purpose that would not otherwise be admissible. But such right to explain can not affect the application of the best evidence rule to the admissibility of the document. See in this connection such cases as O'Sullivan v. Wells, Mo.App., 10 S.W.2d 313.

Although it was not mentioned at the trial, defendant in his brief in this court now contends that the accident report is not admissible because of the provisions of Section 1441(e), Title 49 U.S.C.A., which provides:

"(e) No part of any report or reports of the Board relating to any accident or the investigation thereof, shall be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such report or reports."

Defendant relies on the case of Berguido v. Eastern Air Lines, Inc., 3 Cir., 317 F.2d 628 as supporting this contention. This case points out that it is only matters of evaluations, opinion and conclusions as to the causes of airplane crashes that are excluded from evidence by this statute. To the same effect see Fidelity and Casualty Company of New York v. Frank, D.C., 227 F.Supp. 948. The case of Tansey v. T.W. A., D.C., 97 F.Supp. 458 specifically holds that the report by the pilot of a crashed aircraft is not excluded from evidence by this statute.

For the error noted in the exclusion of the accident report, the judgment of the trial court is reversed and the cause remanded for new trial.

All concur.