Joe FECHTEL, d/b/a Western Pullet
Producers, Appellant,

v.

Jack GATEWOOD, Appellee.

No. 559.

Court of Civil Appeals of Texas,
Tyler.

July 29, 1971.

Rehearing Denied Sept. 2, 1971.

Gordon Wellborn & Rex Houston, Guinn D. Tate, Henderson, for appellant.

Ben E. Jarvis, Tyler, for appellee.

MOORE, Justice.

Appellee, Jack Gatewood, brought suit against appellant, Joe Fechtel, d/b/a Western Pullet Producers, for damages allegedly resulting from a breach of an employment contract. Appellee alleged that he was employed as a salesman of poultry and poultry products commencing in December, 1966, and that under his employment contract he was to receive a salary of $150.00 per week, plus expenses and commissions. He alleged that Western had failed to pay him in accordance with the contract and brought suit for the sum of $7,819.53 plus attorneys' fees. Appellant denied generally the allegations of the petition, but admitted that appellee was entitled to commissions in the amount of $502.69 which had been tendered and refused. After a trial before a jury, the jury returned a verdict in favor of Gatewood for the full amount of dam-

ages prayed for, together with attorneys' fees in the amount of $2,500.00. The trial court entered judgment on the verdict and this appeal resulted.

It is undisputed that the employment contract called for a salary of $150.00 per week plus a certain commission on sales as well as expenses. Appellant's petition was in the form of a sworn account. He alleged that Western was in arrears in compensation due him under the contract, as follows: Salary from October 20, 1967 to September 13, 1968, $7,050.00; commission on sales for all of 1967, $2,520.53; expenses for the third quarter of 1967, $415.-00; Christmas bonus for 1967, $150.00, totaling $10,135.53. He acknowledged payment of $2,316.00 during such period and prayed for a judgment for the balance in the amount of $7,819.53. Western denied the account under oath, and further alleged that by mutual agreement, the parties amended the contract in October, 1967, to provide that Gatewood would no longer receive a weekly salary but would receive a commission only.

The jury found that the parties did not change the contract by mutual agreement. The jury further found in response to special issue No. 3 that appellant was indebted to Gatewood "in salaries, expenses and commissions under the terms of said contract" in the amount of $7,819.53.

■ Under the fifth point appellant urges that the trial court erred in overruling appellant's objection to Gatewood's testimony and allowing him to testify with regard to the contents of the company's books and business records on the ground that his testimony was in violation of the best evidence rule and constitutes hearsay. Under the first point appellant says that since the foregoing testimony was the only evidence produced by appellee showing his sales and commissions, there is no evidence of probative force to support that portion of special issue No. 3 finding that Gatewood was entitled to commissions. We

sustain these points and reverse and remand the cause to the trial court.

With regard to his claims for commissions, appellee alleged in his fourth amended petition that he kept no records of his sales, but relied upon the records kept by the company. He testified that shortly before he resigned, at his request, the company bookkeeper, Mrs. Marlene Hooks, showed him the company books and showed him where the amount of his sales were recorded. As we understand his testimony, he then made a written memorandum of the amount of his sales, except for a few late sales that had not been posted, which he testified Mrs. Hooks gave him off of sales slips. Upon the trial, Gatewood attempted to testify from the written memorandum. Counsel for appellant objected on the grounds that the best evidence of the company records would be the records themselves and that the memorandum constituted secondary evidence and hearsay. The record shows that on voir dire examination, as well as on cross examination, Gatewood admitted that he had no records or other information as to the amount of his sales but was relying solely on the written memorandum he had made from his examination of the company books. The trial court overruled appellant's objections to the testimony and permitted Gatewood to testify from the memorandum. The memorandum prepared by him from the company books showed that during the first and second quarters of 1967, he sold a total of 207,844 chickens; during the third quarter he sold a total of 220,044 chickens; and during the fourth quarter he sold a total of 95,053 chickens and 30,000 eggs. The memorandum did not show to whom the sales were made or the dates thereof. Gatewood testified from the memorandum. Based on the memo, he calculated his commissions at $2,520.53.

The record shows without dispute that the foregoing testimony given by appellee was the only evidence offered in support of the amount of the commissions alleged to be due and owing under the contract. Ap-

pellee subpoenaed Mrs. Marlene Hooks, the company bookkeeper, as well as the company records. The records were made available to appellee at the trial, and he was afforded an opportunity to examine them. Appellee did not call Mrs. Hooks as a witness nor did he offer any of the company records in evidence. Moreover, no evidence was offered showing that the books and records from which he prepared the memorandum were accurately kept or that the entries were the original entries made in the regular course of business. There is no evidence that appellee was a bookkeeper or an expert in the field of accounting.

■ The best evidence (documentary originals) rule requires that if the contents of the writing are to be proved, it must be by the production, if possible, of the very writing itself. McCormick and Ray, Texas Law of Evidence, 2d Ed., sec. 1562.

■ The well settled rule is that if the original writing is not produced or its production accounted for, evidence of its contents is not admissible. McCormick and Ray, Texas Law of Evidence, 2d Ed., sec., 1563; Panhandle & Santa Fe Ry. Co. v. McDonald, 227 S.W.2d 601 (Tex.Civ.App., Eastland, 1950, writ ref.). This rule is applicable to books of account such as those involved here. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325 (Tex. Com.App., 1941).

■ The conclusion is inescapable that appellee's testimony as to his summation of the records constituted secondary evidence. In order to make such testimony admissible, appellee had the burden of establishing that his summation of the records fell within some exception to the general rule excluding such testimony. 23 Tex.Jur.2d, sec. 235, Evidence. No effort was made to show that the testimony fell within any exception to the general rule.

Under the record presented and the authorities cited, appellee failed to establish by competent evidence that commissions were due him under the contract. The evi-

dence offered by him was secondary and incompetent. It is well established that incompetent evidence is without probative force and will not support a jury verdict or a judgment based thereon. Southern Surety Co. v. Nalle & Co., 242 S.W. 197 (Tex.Com.App.); Deaton & Son v. Miller Well Servicing Co., 231 S.W.2d 944 (Tex. Civ.App., Amarillo, 1950, n. w. h.). In special issue No. 3, the jury found appellant was indebted for commissions as well as salary and expenses. There is no evidence of probative force to support that portion of the judgment relating to commissions.

■ Appellee relies upon the case of Rhineland Union Gin v. Volunteer State Life Ins. Co., 113 S.W.2d 925 (Tex.Civ. App., Eastland, 1938, err. dism'd). That case seems to hold that the best evidence rule does not apply where a party examines the books of his adversary and testifies as to the contents thereof because such testimony amounts to an admission. If such be the holding, we cannot agree. The case is criticized and said to be erroneous in McCormick & Ray, Texas Law of Evidence, 2d Ed., sec. 1578, and in 17 Texas Law Review, 371 (1937). The author of the article in Texas Law Review criticizes the case as follows:

"In the principal case the court, evidently misled by a confusing statement in 17 Tex.Jur. 490, applied the exception to a situation where the contents of a writing, i. e., the books of account, which were themselves admissible as an admission of a party, were sought to be proved, not through the medium of admissions of a party, but through the medium of the testimony of a witness for the plaintiff and a list of purchases of cotton prepared by that witness. No case has been found in which an exception to the best evidence rule has been recognized in a situation such as this, and it is submitted that the reasons underlying the exception are inapplicable to the facts of this case."

While we hold great respect for the author of the Rhineland opinion, we decline to follow it. In this connection, it is significant to note that the "confusing statement" found in 17 Tex.Jur. 490 was not carried forward into 23 Tex.Jur.2d 227, but was changed to read: "Declarations or admissions by a party against interest, though relating to the contents of a writing, may be admitted as evidence of the contents of the instrument without proof of its execution or an excuse for its nonproduction, provided that the execution of the instrument is not in issue, and that the writing, instead, is simply collateral to the facts in issue."

Under the view we take of the case it will not be necessary to discuss appellant's points complaining of the manner of submission of the special issues.

For the reasons stated, the judgment is reversed and the cause is remanded.